**STATE of Minnesota, Respondent,**

*v.*

**Sanford L. PETERSON, Appellant.**

**No. C7–82–694.**

Supreme Court of Minnesota.

Jan. 28, 1983.

---

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Ronald Schneider, County Atty., and Donald E. Bruce, Asst. County Atty., Willmar, for respondent.

AMDAHL, Chief Justice.

This is an appeal from judgment of conviction which raises only a sentencing issue.

Defendant, who is 58, was charged in December of 1981 with counts of criminal sexual conduct in the first and second degrees for using his position of authority to compel the victim to have sexual intercourse with him in August 1980 and to submit to sexual contact in July of 1981, both acts occurring at a time when the victim was at least 13 but less than 16 years of age. Minn.Stat. §§ 609.342(b), 609.-343(b) (1980).

At defendant's jury trial the trial court admitted *Spreigl* evidence indicating that defendant had used his position of authority to compel other youngsters to have sexual intercourse and/or sexual contact with him. The jury found defendant guilty as charged. Defendant's criminal history score at the time of sentencing was two, based on a 1975 conviction of felony theft and a 1981 conviction of possession of stolen property. Criminal sexual conduct in the first degree is a severity level VIII offense and criminal sexual conduct in the second degree is a severity level VI offense. The presumptive sentence for the more serious offense by a person with a criminal history score of two is 65 (60–70) months in prison, executed. The presumptive sentence for the other sex offense by a person with a criminal history score of two is 30 months, stayed.

If concurrent sentencing was presumed, then the trial court could have imposed an executed term of 65 (60–70) months for the more serious offense and a concurrent term of 30 months for the less serious offense. Defendant presumably would not object to execution of the 30-month term in that situation because, as a concurrent sentence, the term for the less serious offense would run while he was serving the longer term.

The trial court imposed a term of 60 months for the more serious offense (the sentence being at the low end of the presumptive range), but made the 30-month sentence run consecutively to the 60-month sentence. As justification for doing this, the court stated, on the record at the time of sentencing, that it was making the sentence run consecutively because defendant had used his position of authority to compel the victim of the charged offense and the victims of the *Spreigl* offenses to have sexual intercourse and/or contact with him and because the victims were young and therefore very vulnerable. This appeal followed.

Defendant argues that the 30-month sentence should be modified to run concurrently with the 60-month sentence. Alternatively, in the event consecutive sentencing was justified, he argues that his consecutive sentence should be reduced to 21 months pursuant to Minnesota Sentencing Guidelines and Commentary, II.F. (1982). That section provides that the presumptive sentence duration for an offense sentenced consecutively is determined by assigning the defendant a zero criminal history score for that offense.

The state concedes that the defendant's 30-month consecutive sentence for the lesser offense constituted a departure in three different ways—in terms of disposition (the presumptive disposition was a stay), duration (the presumptive length was 21 months if consecutive sentencing was used), and consecutive service (the Sentencing Guidelines presume concurrent sentencing in this situation).[1] However, the state argues that the departures were justified.

 We do not believe that there was justification for departure in this case. It is one thing to rely on the facts underlying a particular offense as a basis for concluding that the offense of which the defendant was convicted was committed in a particularly serious or cruel way. In relying on the *Spreigl* offenses, the trial court relied on other offenses with which defendant apparently was not charged and of which defendant was not convicted. This is not a permissible basis for departure. *See State v. Hagen,* 317 N.W.2d 701 (Minn.1982); *State v. Barnes,* 313 N.W.2d 1 (Minn.1981). Similarly, the fact that the victim was young and the defendant was in a position of authority over her are not grounds for departure because those facts were considered by the legislature in determining the severity of the offense and were apparently the basis for convicting him of criminal sexual conduct in the first and second degrees rather than criminal sexual conduct in the third and fourth degrees. *See State v. Luna,* 320 N.W.2d 87 (Minn.1982); *State v. Martinez,* 319 N.W.2d 699 (Minn.1982). Finally, we do not believe that the mere fact that 11 months separated the two crimes is a sufficient ground for departure.

It seems clear that if the sentencing court had known that departure was unjustified with respect to the second offense, it would have imposed the longest permissible term for the greater offense rather than the shortest permissible term. Therefore, although we reduce the sentence for the lesser offense by making it run concurrently with the sentence for the more serious offense, we increase the sentence for the more serious offense from 60 months to 70 months.

Affirmed as modified.

1. Minnesota Sentencing Guidelines and Commentary, II.F. (1982) only makes three exceptions to the general presumption of concurrent sentencing. The closest exception in this case is II.F.2., which deals with current convictions for crimes against different persons. It is arguable that the Sentencing Guidelines Commission, in developing this exception, intended to differentiate single behavioral incidents with multiple convictions involving one victim from those involving multiple victims and did not contemplate multiple current convictions involving multiple crimes against a single victim at different times. On the other hand, it is arguable that the wording of the exception indicates that if two crimes are committed against a separate victim at different times, a consecutive sentence constitutes a departure. We do not decide the issue of the general applicability of this exception to multiple crimes against a single victim at different times. However, in the context of multiple acts of intrafamilial sexual abuse of a single family member at different times, the intent of the legislature is that the perpetrator be convicted and sentenced only once per victim, not once per act. *See* Minn.Stat. §§ 609.3641–609.3644 (1982).