STATE of Minnesota, Respondent,

v.

Michael Steven RUNNING, Appellant.

No. C6-82-1030.

Supreme Court of Minnesota.

March 4, 1983.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Mpls., for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal from a sentencing departure with respect to consecutive service. The state did not file a respondent's brief. We hold that the record on appeal fails to establish the presence of aggravating circumstances justifying the departure.

Defendant who is 22 years old, was convicted in 1978 of burglary and was placed on probation. In 1979 he committed the crime of theft and he was convicted of that in early 1980 and was sentenced to a non-Guidelines term of 10 years in prison, with execution stayed. In July of 1981 defendant committed a check offense but was not prosecuted for that immediately.

The offense to which the present appeal relates, committed early in February 1982, was that of knowingly receiving stolen property valued at more than $150. Following the offense defendant was arrested and charged, by separate complaints, with the 1981 check offense and the 1982 offense of receiving stolen property. In April 1982 defendant was tried by a jury on the charge of receiving stolen property and was found guilty. He was subsequently found guilty of the check charge in a separate jury trial.

The offense of knowingly receiving stolen property valued at more than $150 is a severity level IV offense. At the time of sentencing for this offense, defendant's criminal history score was three (one custody status point, one felony point for the 1978 conviction, and one felony point for the 1980 conviction). The presumptive sentence for the severity level IV offense by a person with a criminal history score of three is 21 months stayed. The trial court sentenced defendant, on May 14, 1982, to an executed term of 21 months with the term to run consecutively to any other sentence that defendant later received. The judge stated his grounds for departure at the time he imposed this sentence and again in a written departure report.

On May 21, 1982, defendant was sentenced by a different judge to 18 months for the check offense, the duration based on the offense severity level (I) and defendant's criminal history score at the time of sentencing (four).

On May 24 defendant appeared before a third judge, who revoked the stay for the 1980 sentence. This judge resentenced defendant to a Guidelines term of 15 months, the presumptive duration for the theft if the Sentencing Guidelines had been in effect at the time defendant was sentenced for the theft in February 1980.

On appeal from the sentence for the offense of receiving stolen property, defendant does not challenge the dispositional departure (imprisonment rather than probation) but does challenge the departure with respect to consecutive service. Specifically, he argues that there were no aggravating circumstances justifying the departure. Alternatively, he argues that if the judge was justified in making the sentence consecutive, he should have made it consecutive only to the sentence for the prior conviction, not for the subsequent conviction. He also argues that if consecutive sentencing was proper, then the sentence for receiving stolen property should have been shorter.

This case does not fall within any of the listed exceptions to the general rule of concurrent sentencing. *See* Minnesota Sentencing Guidelines and Commentary, II.F. (1983). All but one of the factors given by the trial judge for departing are the type of factors bearing on the decision to depart dispositionally but could have no relevance to the decision to depart with respect to consecutive service.

The only factor that arguably bears on the departure with respect to consecutive service is the fact that "the matter of which [defendant] was convicted * * * involved three juveniles * * * *" We do not have a transcript of the trial but the file contains the police reports and the statements of the juveniles, a detailed complaint summarizing the evidence against defendant, a summary of the trial indicating that the three juveniles testified, and references to their testimony in the sentencing transcript. It ap-

pears from this that two teenage girls committed the burglary, stole the property in question and gave it to defendant. In their statements both girls implicated defendant in the burglary as a planner and advisor and both indicated that defendant made them give the stolen property to him. A younger girl indicated that defendant tried to get her to sell some of the property for him. The sentencing transcript indicates that the younger girl testified to this. The sentencing transcript also indicates that at least one of the two teenagers testified that defendant was involved in the planning of the burglary and that he made them give him the stolen property afterwards.

The issue is whether the evidence in question justifies the conclusion that defendant committed the offense in question in a particularly serious or cruel way. If the evidence merely points to defendant's guilt of some other offense but does not support the conclusion that he committed the instant offense in a particularly serious way, then it cannot be relied upon as a ground for departure. We conclude that the record fails to establish that defendant committed the instant offense in a particularly serious way. Therefore, the trial court was not justified in making the 21-month sentence for the offense of receiving stolen property consecutive.[1] Accordingly, defendant's sentence is modified so that it will be served concurrently, rather than consecutively.

Affirmed as modified.

---

1. Although it is not essential to our decision, we note that under Minn.Stat. § 609.15, subd. 1 (1982), the court, in any event, could not have made the sentence run consecutively to the subsequently imposed sentence for the check offense.