**Leslie LeRoy FREEMAN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. CL–81–647.**

Supreme Court of Minnesota.

March 18, 1983.

Leslie LeRoy Freeman, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R.T. Rodenberg, County Atty., New Ulm, for respondent.

AMDAHL, Chief Justice.

This is an appeal from a sentencing decision of the Brown County District Court.

Defendant, Leslie Freeman, is a 49-year-old man with a long criminal record. In November of 1980, while awaiting sentencing in St. Louis County for aggravated forgery, defendant committed the offense of uttering a forged instrument in Brown County. In December of 1980 a judge of district court in St. Louis County sentenced defendant to 27 months in prison, a sentence that defendant began serving at that time.

In June of 1981 a judge of the district court in Brown County sentenced defendant to 25 months in prison, which is within the presumptive sentence duration range for the offense in question by a person with defendant's criminal history score (six or more). The judge ordered that the sentence be served consecutively to the sentence for the St. Louis County sentence, that is, that it begin to run when defendant would otherwise be entitled to supervised release from prison in connection with the earlier sentence.

Defendant has filed a pro se brief. The state argues in its brief that there were two grounds for departing in the form of consecutive sentence. First, it argues that, as the trial court found, defendant committed the present offense while awaiting sentencing in a different court for forgery, and that defendant did so as an act of revenge. Second, it argues that, as the trial court stated, defendant's extensive prior record, which defendant misrepresented to the court, justified the departure.

The trial court's and the state's basic argument is that, given the fact that defendant was in the six or more criminal history category, he could commit forgeries with impunity during the period he was awaiting sentencing and still receive a concurrent sentence. They argue that the Sentencing Guidelines did not contemplate this situation and that an exception to the general rule of concurrent sentencing should be made in such a situation.

There is force to the argument that a defendant awaiting sentencing should not be allowed to commit a crime of this sort with impunity, knowing that he will not be punished for it. However, a rule allowing use of consecutive sentencing in such a situation would go too far. The problem is created by the fact that there is no provision for progressively longer sentences when a defendant's criminal history score is more than six. In order to remedy this problem, which was obviously not contemplated by the Sentencing Guidelines Commission, we hold that in the unique circumstances of this case the trial court would have been justified in giving defendant a progressively longer but concurrent sentence for the latter offense, as if the Sentencing Guidelines grid made provision for progressively longer sentences when the defendant's criminal history score is more than six. Under this approach, a trial court may impose a sentence for the latter offense equal in duration to the sum of (a) the presumptive sentence for a defendant with a criminal history score of six or more and (b) the difference between the presumptive sentence for a defendant with a criminal history score of six or more and that for a defendant with a criminal history score of five.

On remand, defendant's sentence for the Brown County offense should be recomputed according to this formula.

Affirmed as modified.