STATE of Minnesota, Respondent,

v.

Monte Carl OTT, Appellant.

No. C4–83–792.

Supreme Court of Minnesota.

Jan. 6, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Bruce F. Gross, Cottonwood County Atty., Windom, for respondent.

C. Paul Jones, State Public Defender by Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

AMDAHL, Chief Justice.

This is a sentencing appeal raising the issue of the propriety of a departure with respect to consecutive service.

Defendant was charged with burglary and theft in connection with each of two different incidents, one occurring in July of 1982, the other occurring in September of 1982. He pleaded guilty to all four counts

pursuant to a plea agreement by the prosecutor not to charge him in connection with certain other offenses.

The burglary offenses were severity level IV offenses and the theft offenses were severity level III offenses. The presumptive sentence for the burglary and theft committed in July were computed on the basis of defendant having a criminal history score of three (one custody status point, one misdemeanor/gross misdemeanor point, and one felony point for the prior felony). The presumptive sentence for the theft offense by a person with a criminal history score of three is 19 months stayed and the presumptive sentence for the burglary offense is 21 months stayed. The presumptive sentence for the burglary and theft committed in September were computed on the basis of defendant having a criminal history score of four (the three points used for the July offenses plus an extra point for the July offense under the so-called *Hernandez* rule [1]). The presumptive sentence for the theft offense by a person with a criminal history score of four is 22 (21–23) months executed and the presumptive sentence for the burglary offense is 25 (24–26) months executed.

The trial court sentenced defendant to an executed term of 25 months in prison in connection with the September offenses and placed defendant on probation in connection with the July offenses, with probation conditioned on defendant serving 10 months of probationary jail time. The court ordered the current sentences to run consecutively with each other and with respect to the previously-imposed and executed sentence for the prior offense. This use of consecutive sentencing constituted a departure under Minnesota Sentencing Guidelines and Commentary, II.F. (1983).

■ In imposing this sentence the court referred to defendant's prior failure

on probation, the fact that there were other crimes of the same nature for which the state agreed not to prosecute him, and the fact that his extended confinement in prison would better protect the community. None of the factors recited by the court justified a departure with respect to consecutive service. A defendant's unamenability to probation and his dangerousness are perpetrator-related factors that bear on a decision whether to depart dispositionally but that do not bear on a decision whether to depart durationally or with respect to consecutive service. *State v. Heywood,* 338 N.W.2d 243 (Minn.1983); *State v. Gardner,* 328 N.W.2d 159 (Minn.1983); *State v. Park,* 305 N.W.2d 775 (Minn.1981). If evidence only supports defendant's guilt of some other offense but does not support the conclusion that the defendant committed the instant offense for which he is being sentenced in a particularly serious way, then it cannot be relied upon as a ground for departure. *State v. Running,* 330 N.W.2d 119 (Minn.1983); *State v. Peterson,* 329 N.W.2d 58 (Minn.1983); *State v. Brusven,* 327 N.W.2d 591 (Minn.1982).

■ Because he is going to be incarcerated in any event in connection with the offenses committed in September, defendant seeks permission to refuse probation in connection with the July offenses so that when he is released from prison he will not have to serve 5 years of probation. This is defendant's right under *State v. Randolph,* 316 N.W.2d 508 (Minn.1982).

In summary, defendant is entitled to be sentenced according to the Sentencing Guidelines to the presumptive sentence duration for each offense, with the sentences to run concurrently. This means that the maximum defendant will have to serve is 26 months, the maximum term that can be given for a severity level IV offense by a person with a criminal history score of four without departing.

Remanded for resentencing.

---

1. *Hernandez v. State,* 311 N.W.2d 478 (Minn. 1981); Minnesota Sentencing Guidelines and Commentary, II.B.1. and II.B.101. (1983).