**STATE of Minnesota, Respondent,**

v.

**Joseph R. ROESCH, Appellant.**

**No. C3-84-213.**

Court of Appeals of Minnesota.

June 12, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, W.M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

C. Paul Jones, Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is a sentencing appeal. Defendant pled guilty and was convicted of two burglaries in Nicollet County. The court computed his criminal history score to be 6 for the first burglary and 7 for the second burglary. The presumptive sentence for each offense is 41 months for a person with a criminal history score of six or more. The court sentenced defendant to 41 months for the first offense and 48 months for the second. The court stayed the first sentence, ordering defendant to make restitution and placing him on probation for 20 years, to begin after release from the second sentence.

Defendant then requested execution of the sentence for the first burglary. The court refused.

## ISSUES

1. Did the trial court err in making previously imposed sentences run consecutive to the subsequently imposed sentences?

2. Did the trial court err in refusing defendant's request to execute the first probationary sentence?

3. Was the trial court's imposition of a durationally longer sentence within the guidelines for a defendant with a criminal history score of seven?

4. Did the trial court err in requiring restitution in excess of the amount taken in the two burglaries to which defendant pled?

## ANALYSIS

■ The court has no authority to make a previously imposed sentence run consecutive to a subsequently imposed sentence. *State v. Klang,* 320 N.W.2d 718 (Minn. 1982). "The *Hernandez* method of applying defendant's criminal history score may be used only when sentencing concurrent-

ly." *State v. Pickett,* 343 N.W.2d 670 (Minn.Ct.App.1984) quoting *State v. Moore,* 340 N.W.2d 671 (Minn.1983), referring to *State v. Hernandez,* 311 N.W.2d 478 (Minn. 1981).

Sentencing Guidelines II.F reads:

*Concurrent/Consecutive Sentences:* When an offender is convicted of multiple current offenses, or when there is a prior felony sentence which has not expired or been discharged, concurrent sentences shall be given in all cases not covered below. The most severe offense among multiple current offenses determines the appropriate offense severity level for purposes of determining the presumptive guideline sentence.

The only exceptions are for felony convictions for crimes against persons and for conviction for escape from lawful custody. It is this provision which is the basis for the rule that a defendant serving a prison sentence on one felony has the right to execution of a prior probationary sentence under the Minnesota Sentencing Guidelines. *State v. Randolph,* 316 N.W.2d 508 (Minn.1982); *State v. Smith,* 316 N.W.2d 562 (Minn.1982); *State v. Murto,* 316 N.W.2d 739 (Minn.1982); *State v. Moore,* 340 N.W.2d 671 (Minn.1983); *State v. Wesenberg,* 348 N.W.2d 117 (Minn.Ct.App. 1984).

■ Because a court cannot legally impose consecutive sentences, except for crimes against persons and escape from custody, placing a defendant on probation for one crime and executing a prison sentence on another is wasted effort as well as being contrary to the guidelines and the above case law. There simply is no way to enforce probation because any sentence revocation would have to be credited with the time already served on the executed sentence.

■ The court imposed a sentence of 48 months for the second burglary, instead of the presumptive 41 months. Prior to the November 1, 1983 modification of the sentencing guidelines, there was no authority for adding to the presumptive sentence

simply because the offender exceeded the criminal history score of six. *State v. Freeman*, 330 N.W.2d 876 (Minn.1983), established a narrow exception where a defendant with a criminal history score of six or more commits another crime *while awaiting sentencing.* (Emphasis added.)

The guidelines modification effective November 1, 1983, II.B.2, now adds an additional three months for an offender with a criminal history score of six or more, *when a custody status point is assigned.* (Emphasis added.)

Defendant was sentenced prior to November 1, 1983. Guidelines modifications that increase sentences are not retroactive and II.B.2 does not apply in the instant case. The presumptive sentence of 41 months should have been imposed.

### DECISION

We reverse and remand to the trial court with directions to impose the presumptive 41 month sentence and to order execution on the probationary sentence concurrent with defendant's present executed sentence. Defendant is entitled to credit against his sentence for time from the date of his demand for execution to the date the trial court orders execution. Restitution is limited to an amount not to exceed $7,954.85.