**STATE of Minnesota, Respondent,**

v.

**Terry COOK, Appellant.**

**No. C7–84–389.**

Court of Appeals of Minnesota.

July 10, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County

Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, Minn. State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and SEDGWICK and LESLIE, JJ., with oral arguments waived.

## OPINION

SEDGWICK, Judge.

On November 2, 1983 the defendant was convicted of kidnapping and aggravated robbery. Under the Minnesota Sentencing Guidelines the sentences must run concurrently for a presumptive prison sentence of 36 months. The trial court departed from the guidelines by doubling the presumptive sentence. We reverse and remand.

## FACTS

On July 11, 1983, near Nicollet and Franklin in South Minneapolis Gary Hofstad was robbed at gun point by two men who forced their way into his car and took control. After travelling a short distance, the accomplice, who was driving, slowed down and drove through a service station to avoid a red light. Hofstad was ordered to lock his door but instead took the opportunity to open the door and dive out. The car was later found in North Minneapolis "totally stripped." Terry Cook's finger prints were found all over the car.

Cook admitted having stripped the car but denied any participation in the robbery/kidnap. Nonetheless, Cook was convicted. At sentencing, the trial court doubled the presumptive sentence because planning was involved and because the victim was in immediate and justifiable fear for his life. The sentence for the kidnapping was not imposed.

## ISSUE

Does the fact that an aggravated robbery was committed with deliberate planning in a situation where the victim could reasonably anticipate a violent death present substantial and compelling circumstances to aggravate the presumptive sentence under the guidelines?

## ANALYSIS

██ The trial court has discretion to depart from the presumptive sentence under the guidelines if the offense involves "substantial and compelling circumstances." *State v. Garcia*, 302 N.W.2d 643 (Minn.1981). When substantial and compelling circumstances are absent, the trial court has no discretion to depart. *State v. Winchell*, 352 N.W.2d 447 (Minn.Ct. App.1984). Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case. *State v. Peterson*, 329 N.W.2d 58 (Minn.1983). It was intended that there would be departures only in a small number of cases. Minnesota Sentencing Guidelines, comment II.D.01 (1983).

While the facts of the crime are horrible, the state must show more. It must show that the acts were substantially beyond the acts of a "normal" aggravated robbery.

The fact that planning may have been involved is not abnormal. Any aggravated robbery is likely to involve some planning.

██ Also, since using a weapon is part of the crime, a victim of any aggravated robbery fears for his life. *Compare State v. Magnan*, 328 N.W.2d 147 (Minn.1983) (victim threatened and put in fear—departure improper) *with State v. McClay*, 310 N.W.2d 683 (Minn.1981) (bystanders and neighbors threatened and in fear—departure proper). Here, the victim was put in fear of his life. As terrible and frightening as it was, this aggravated robbery was no more heinous than any other aggravated robbery.

## DECISION

The trial court did not have substantial and compelling reasons for departing from the presumed guideline's sentence.

Reversed and remanded.