STATE of Minnesota, Respondent,

v.

Ronald B. PETRIN, Appellant.

No. C9–84–23.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Hubert H. Humphrey, III, State Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, James Lavoie, Mille Lacs County Atty., Milaca, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This is a sentencing appeal. Appellant was convicted by a jury of burglary, assault in the second degree, and criminal sexual conduct in the first, second, and third degree. The sufficiency of the evidence supporting these convictions is not disputed.

Appellant was sentenced for the burglary and first degree criminal sexual conduct convictions. For the first degree criminal sexual conduct conviction in violation of Minn.Stat. § 609.342(d) (1982), appellant was sentenced to prison for 90 months. This is a double durational departure from the presumptive sentence of 45 months (Severity Level VIII, Criminal History 0). This departure was justified on the basis that the offense was characterized by particular sophistication on the part of appellant and particular victim vulnerability.

For the burglary conviction in violation of Minn.Stat. § 609.58, subd. 2(1)(b) (1982), appellant was sentenced to a presumptive 24 month stayed sentence (Severity Level VII, Criminal History 0) and placed on probation for 20 years, to begin after his discharge from supervised release on his 90-month prison sentence.

Appellant seeks to have his burglary sentence modified to a concurrent executed prison sentence of 24 months.

### ISSUE

Did the trial court err by imposing a consecutive probationary sentence for the burglary?

### ANALYSIS

■ When an offender is convicted of multiple current offenses, the Sentencing Guidelines presume concurrent sentences except in limited instances not relevant here. Sentencing Guidelines II.F.

■ While a trial court technically may impose a probationary sentence for one crime and a concurrent executed sentence for another crime, such effort is wasted for two reasons: (1) appellant has the right to demand his probationary sentence be executed, *State v. Randolph*, 316 N.W.2d 508 (Minn.1982); and (2) there is no way to enforce defendant's remaining probationary term once he is released from prison because he would have to be credited with the time already served on the executed sentence upon any sentence revocation. *State v. Roesch*, 349 N.W.2d 348 (Minn.Ct. App.1984).

### DECISION

■ Appellant's probationary sentence must be modified to run concurrent with his prison sentence. He is entitled to execution of that sentence pursuant to *Randolph*.

Affirmed as modified.