**STATE of Minnesota, Respondent,**

v.

**Joseph R. ROESCH, Appellant.**

No. C8–84–1373.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Review Denied Dec. 20, 1984.

Hubert H. Humphrey, III, Atty. Gen., Michael K. Jordan, Asst. Atty. Gen., St.

Paul, W.M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Joseph Roesch appeals following a remand of his sentence from this court, 349 N.W.2d 348. The trial court issued an order consistent with our instructions. In a memorandum attached to the order, the trial court said it might change the order if a subsequent decision from the Supreme Court enabled it to do so and if it had the power. Appellant challenges this language in the memorandum and seeks to have the language expunged from the memorandum. We dismiss the appeal.

## FACTS

Appellant pleaded guilty to two burglaries. As part of his plea he agreed to pay restitution. He received an executed 48 month sentence for one of the burglaries and a stayed 41 month sentence for the other. Probation on the 41 month sentence was to be for 20 years beginning after the 48 month prison term. Restitution was ordered for both offenses and for other burglary offenses which appellant admitted but was never charged. He appealed to this court. On June 12, 1984, we agreed that his executed 48 month sentence should be reduced to 41 months and the stayed 41 month sentence should be ordered executed with credit from the date the execution request was made. We also ordered the two sentences should run concurrently and restitution should be limited to the amount of loss in the charged offenses since that was all appellant agreed to pay as part of his guilty plea.

On July 24, 1984, the trial court issued an order complying with our decision. In a memorandum attached to the order, the

trial court noted the issues raised by appellant are now before the Minnesota Supreme Court. The trial court said that if the Supreme Court overruled the Court of Appeals decisions on these issues and "if this Court has power to act, such portion of this Order as may then be rendered infirm will be vacated."

### ISSUE

Is gratuitous advisory language expressed in a trial court memorandum and which has no legal effect reviewable on appeal?

### ANALYSIS

■ This is a completely meritless appeal and should never have been taken. Appellant's counsel should know Minn.R. Crim.P. 28.02, subd. 2 provides when defendants may appeal in criminal cases. Defendants may appeal final judgments and certain final orders adverse to them. The appellant seeks expungement of memorandum language which has no legal effect at all. The trial court's opinion is purely hypothetical and expresses that court's view if it later has the power to act. Appellant makes no claim that the order of the trial court itself was in error. Considering the pre-conditions which must occur before the trial court may act in the future, the issue raised by appellant may never even materialize. Even if the trial court were to act in the future, an appropriate appeal lies based on the facts as then exist. This is a completely premature, speculative appeal by appellant who seeks an advisory, speculative opinion from this Court. We refuse to engage in this simulated, futile exercise. We will not review the memorandum and the language of the trial court to which appellant takes exception.

### DECISION

Appellant's appeal is dismissed because appellant is not appealing from a final judgment or an otherwise appealable order.

Dismissed.