STATE of Minnesota, Respondent,

v.

Steven Louis HILL, Appellant.

No. C7–85–63.

Court of Appeals of Minnesota.

March 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Q. Lynch, Kandiyohi Co. Atty., Willmar, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is a sentencing appeal. Appellant Steven Louis Hill pleaded guilty to three burglary charges, was sentenced to two concurrent executed prison sentences, and was placed on probation for 10 years with court ordered restitution of $1,007.45 for the other burglary offense. Appellant challenges the denial of his request for execution of the sentence and the amount of restitution. We remand.

## FACTS

On August 22, 1984, appellant broke into a gasoline station in Willmar, Minnesota and forced open a safe. He stole about $500. On September 9, 1984, he broke into the same station stealing $7 and a box of 48 Bic lighters. That evening he entered an auto parts store by crawling through a rooftop air conditioning system and fled after activating an alarm.

Appellant pleaded guilty to two counts of burglary in the second degree and one count of burglary in the third degree and was sentenced as follows: (1) burglary in the second degree (August 22 gas station incident), the execution of 21 month sentence was stayed, appellant was placed on probation for 10 years, and ordered to pay $1,007.45 in restitution; (2) burglary in the second degree (September 9 auto parts store incident), appellant was given an executed 25 month sentence; (3) burglary in the third degree (September 9 gas station incident), appellant was given an executed 30 month sentence. The latter two prison sentences were concurrent.

At sentencing, appellant asked to have his stayed sentence executed. The trial court concluded the probationary terms were not more onerous than the presumptive sentence, noting the significance of restitution, and denied the request. The state failed to file a brief and we proceeded pursuant to Minn.R.Civ.App.P. 142.03.

## ISSUES

1. Was appellant entitled to have his sentence executed?

2. Did the trial court err in ordering $1,007.45 in restitution?

## ANALYSIS

1. Appellant had the right to refuse probation and insist on execution of his sentence. *State v. Milbrad*, 355 N.W.2d 706, 706 (Minn.1984); *State v. Ott*, 341 N.W.2d 883, 884 (Minn.1984); *State v. Randolph*, 316 N.W.2d 508, 510 (Minn. 1982). The trial court had the authority to impose restitution in addition to executing a prison sentence under a recent amendment to Minn.Stat. § 609.10 (1984). *See* 1984 Minn.Laws ch. 610, § 1. We remand with instructions to allow appellant to refuse probation and insist on execution of the sentence.

2. The record does not establish a factual basis for the entire restitution amount of $1,007.45. The record shows about $500 was taken from the gas station on August 22 and that appellant damaged a window and padlock. Since we are remanding this matter to the trial court, we also order that evidence bearing on the issue of economic loss to the victim be taken. *State v. Fader*, 358 N.W.2d 42, 48 (Minn.1984). Appellant's restitution obligation is not vacated because it is clear the trial court intended to order restitution. Restitution may be imposed in addition to prison sentence as provided by Minn.Stat. § 609.10 (1984).

## DECISION

Appellant may refuse probation and insist on execution of his stayed sentence. The trial court should establish a factual basis for its restitution award.

Remanded.