**STATE of Minnesota, Respondent,**

v.

**Val Bernard STANGER, Appellant.**

**No. CX–85–767.**

Court of Appeals of Minnesota.

July 9, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Stephen Torvik, Chippewa Co. Atty.,

Montevideo, Michael Lynch, Kandiyohi Co. Atty., Willmar, for respondent.

C. Paul Jones, State Public Defender, Heidi H. Crissey, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is a sentencing appeal following appellant Val Stanger's conviction of four separate burglaries. For three of the burglaries he was placed on probation and ordered to pay restitution. He was sentenced to prison for the fourth burglary. On appeal Stanger argues the trial court erred in refusing his demand to execute the probationary sentences. We remand.

## FACTS

Val Stanger was involved in four separate burglaries in Chippewa and Kandiyohi Counties.

In return for pleading guilty to one count of third degree burglary (Chippewa County) and three counts of second degree burglary (Kandiyohi County), the State dismissed three counts of aggravated criminal damage to property and four counts of theft. The trial court sentenced Stanger to the following concurrent sentences using the *Hernandez* method of generating criminal history scores:

1. Black Oak Car Wash—21 months, execution stayed, (severity level IV, criminal history 3), five years probation on condition appellant make restitution of $2,110.87.
2. Raymond Car & Truck Wash—25 months, execution stayed (severity level IV, criminal history 4), 10 years probation on condition appellant make restitution of $3,586.
3. Apol's Harley-Davidson—32 months, execution stayed (severity level IV, criminal history 5), 10 months proba-

tion on condition appellant make restitution of $604.
4. Hornet's Nest—41 months, executed (severity level IV, criminal history 6), restitution of $25.

At sentencing and again by motion for modification of sentence, Stanger sought to have all sentences executed. The trial court refused his request and Stanger appealed.

## ISSUE

Is appellant entitled to execution of his sentence?

## ANALYSIS

■ In *State v. Randolph,* 316 N.W.2d 508 (Minn.1982), the supreme court noted: "While a defendant may prefer to go to prison, society also has an interest that may well include a period of incarceration of the defendant followed by the threat of prison as a means of encouraging a defendant to accept treatment, make restitution, change his life style, or other desirable ends." *Id.* at 510. But it is also clear that when a defendant is given an executed sentence, he has the right to refuse probation and insist on execution of prior probationary sentences. *See State v. Milbrad,* 355 N.W.2d 706 (Minn.1984); *State v. Hill,* 363 N.W.2d 906, 907 (Minn.Ct.App.1985).

■ Although the probationary sentences here did not contain conditions for incarceration, restitution can now be ordered along with imprisonment. Minn. Stat. § 609.10 (1984). The Legislature has expressed a preference for "non-institutional sanctions", such as restitution, community work service, work in lieu of fines, etc., whenever stays of imposition or execution do not include a term of incarceration. Minn.Stat. § 609.135, subd. 6 (1984). As the trial court stated in a thoughtful memorandum:

Restitution underscores the concern of the criminal justice system for the crime victim and is an integral part of the victim-offender reconciliation process. Restitution directly compensates the vic-

tim and requires the offender to acknowledge in concrete terms the harm which the offender has inflicted upon the victim.

Clearly the trial court believed that by placing Stanger on probation for five and ten years, Stanger would have a longer period of time to pay the restitution and still be under a form of "threat" to pay. It is true that if Stanger's sentence were executed, once he is released and has completed his supervised release time, there is no way to enforce an order of restitution. As the trial court recognized, however, the victims may commence a civil suit for their damages. Further, it would be erroneous to be under the misapprehension that Stanger is not being "punished" if his probationary sentences are executed. Stanger's 41 month prison term was based on using the three prior convictions to generate a criminal history score of 6.

### DECISION

This case is remanded to allow Stanger to refuse probation and insist on execution of his three stayed sentences. The trial court may order restitution in addition to executing the sentences.

Remanded.