Tony Gail BAIL, Appellant,

v.

STATE of Minnesota, Respondent.

No. CX–86–696.

Court of Appeals of Minnesota.

July 15, 1986.

Review Denied Sept. 22, 1986.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard T. Jessen, Benton Co. Atty., Foley, for State.

Considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order on a petition for post-conviction relief. The trial court ordered a reduction of appellant's sentence, to which the State agreed, and denied appellant's claim to a discharge of his sentence. We affirm.

## FACTS

Appellant Tony Bail was sentenced on August 5, 1983, for possession of a controlled substance. Bail pleaded guilty to the charge in exchange for the State's dropping another possession charge. He was sentenced to a term of 15 months, with execution stayed for 3 years while he was placed on probation.

Bail's probation was revoked on November 12, 1985, and his sentence executed, after he violated his conditions of probation. Bail then brought this petition for post-conviction relief. He claimed that his sentence should be reduced due to a subsequent reduction in the guidelines presumptive sentence, and that his sentence should be discharged because he had not been given the option of refusing probation when the sentence was imposed. The State conceded he was entitled to the reduction in sentence to 13 months, and it was ordered by the court.

At the sentencing hearing, the court had three sentences to consider. The first was for a 1978 offense, also charged in Benton County; the second for a federal offense for which Bail had been sentenced shortly before the hearing; and the third for the current offense.

For the 1978 offense, possession of cocaine, appellant received a stay of imposition and was placed on probation. Appellant had pleaded guilty to the federal offense, sale of a controlled substance, and was sentenced to 11 months in prison, shortly before his sentencing hearing in state court.

The attorneys presented a plea bargain agreement under which appellant would be sentenced to 21 months for the 1978 offense, to be served concurrently with the federal sentence. They also agreed that Bail would be given a stay of execution on the sentence for the current state offense and would be placed on probation for up to 3 years. The terms of this agreement were explained to Bail. He was told that, although the sentence for the 1978 offense would be 21 months, with "good time" he

would serve only 14 months, or 3 months longer than the federal sentence.

The trial court imposed a sentence of 15 months stayed with three years' probation for the current offense. This sentence was not stated to be concurrent with either executed sentence.

## ISSUE

Did the trial court err in denying appellant a discharge from sentence based on his right to demand execution of sentence?

## ANALYSIS

■ Since *State v. Ott*, 341 N.W.2d 883 (Minn.1984), a defendant facing multiple sentences has had the right to refuse probation and demand execution of a stayed sentence. The court in *Ott* stated:

Because he is going to be incarcerated in any event in connection with the offenses committed in September, defendant seeks permission to refuse probation in connection with the July offenses so that when he is released from prison he will not have to serve 5 years of probation. This is defendant's right under *State v. Randolph*, 316 N.W.2d 508 (Minn.1982).

*Id.* at 884.

Appellant, like Ott, faced imprisonment for one offense and claims he had the right to demand execution of another sentence so he could serve them concurrently. The *Ott* decision followed the sentencing hearing in this case. The trial court, after hearing the post-conviction petition, concluded that appellant was not entitled to a discharge from sentence because the right to refuse probation had not been established at the time of the sentencing hearing.

Unlike the defendant in *Ott*, appellant did not request execution of sentence at the sentencing hearing. We have found no prior cases in which the defendant raised this issue without making a request for execution of sentence at some time before his probation was revoked. *Cf. State v. Anderson*, 378 N.W.2d 632, 634 (Minn.Ct. App.1985) (defendant requested execution

of sentence after a revocation hearing at which his probation was continued).

■ A right to demand execution of sentence at the sentencing hearing does not imply a right to be informed of this option at the hearing, or to exercise the right after he has violated probation. The rules require only that a court imposing a stayed sentence inform the defendant that non-custodial probation time may not be credited against his sentence. Minn.R.Crim.P. 27.03, subd. 4(E).

This court has held that the right to demand execution of a prior probationary sentence exists in order to comply with the guidelines presumption of concurrency in sentencing. *State v. Anderson*, 378 N.W.2d 632, 634 (Minn.Ct.App.1985); *State v. Wesenberg*, 348 N.W.2d 117, 118 (Minn. Ct.App.1984). This reasoning does not apply with the same force to a defendant who has already violated his probation and seeks a retroactive change in sentencing.

■ The imposition of a stayed sentence, along with an executed sentence, is not technically a departure from the guidelines presumption of concurrent sentencing. *State v. Petrin*, 354 N.W.2d 578, 579 (Minn. Ct.App.1984); *see State v. Anderson*, 345 N.W.2d 764, 766 (Minn.1984) (sentence ordered modified to concurrent stayed and executed sentences). A true departure occurs when probation time is ordered to run consecutive to an executed sentence. *Cf. State v. Jannetta*, 355 N.W.2d 189, 195 (Minn.Ct.App.1984) (consecutive stayed sentence was within guidelines exception to concurrent sentencing presumption).

All that the presumption of concurrent sentencing requires is that the court honor a defendant's timely request for execution of a stayed sentence. It is up to the defendant to make a timely request.

The right to refuse probation is not so critical to the presumption of concurrent sentencing that it should be granted long after the sentencing hearing when probation has already been violated. Although this right had not been established when appellant was sentenced, the practice of

refusing probation on concurrent stayed sentences was common. A 1984 Sentencing Guidelines report identified a large number of such requests even before *Ott* extended the right to have them honored. Minnesota Sentencing Guidelines Commission, *The Impact of the Minnesota Sentencing Guidelines* 55, 56 (September, 1984).

## DECISION

The trial court did not err in denying appellant a discharge from his sentence.

Affirmed.