**STATE of Minnesota, Respondent,**

v.

**Juan Miguel YANEZ, Appellant.**

No. C4–90–2609.

Court of Appeals of Minnesota.

April 30, 1991.

Review Denied June 19, 1991.

 

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Boyd Beccue, Kandiyohi County Atty., John Kallestad, Asst. County Atty., Willmar, for respondent.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by PETERSON, P.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

Juan Miguel Yanez pled guilty to first degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(c) (1990). The trial court sentenced him to an executed sentence of 150 months, an upward departure of 40 months. Yanez appeals from his sentence. We affirm.

## FACTS

At approximately 9:00 p.m. on September 29, 1989, the victim, K.S., left work and walked to her car in the mall parking lot. As she did so, Yanez approached and addressed her. When she tried to shut her car door, he blocked it. He asked for her address and asked her to marry him. He then forced her into the car and drove away, holding her head down by grabbing her neck.

Outside town, Yanez raped K.S. In doing so, he choked and threatened to kill her. He admitted during his guilty plea that the victim did not want to have sexual relations with him and that she was afraid he would hurt her. He vaginally penetrated K.S. while in the front seat of the car. About 10 to 15 minutes after the first rape, Yanez vaginally and rectally penetrated her while in the back seat of the car. He also bit her on the breast.

During the latter episode, Yanez told her he wanted her to have a baby and was going to marry her. He threatened to rape her again but did not do so and, at about 11:10 p.m., left the car and walked away. K.S. drove to a friend's house in town and, with her friend's assistance, went to the hospital.

As part of the plea agreement, the state withdrew its amended complaint, which included a kidnapping charge and a charge of first degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(e)(i) (1990). As part of the plea agreement, the state recommended that Yanez be sentenced according to the presumptive sentence under the Minnesota Sentencing Guidelines.

The trial judge explained to Yanez that he could withdraw his guilty plea because the court would not accept the sentencing recommendation and would "sentence [him] to a longer length of prison term." Yanez declined to withdraw his guilty plea.

Before sentencing, the trial court read into the record the following statement written by the victim:

I was raped by Juan Miguel Yanez not only once, but three times. He stole my car, holding me hostage. He threatened to kill me if I made any attempt to escape, and I believed him. I went through two weeks of wondering if I was pregnant and about sexual disease. I have not told my parents because it would tear them apart. As a victim of child sexual abuse, this attack has not only caused new wounds, but opened old wounds as well. I have had to deal with driving my car, it being the scene of the crime. I don't get in my car without thinking of it, and the doors are always locked. I have lost the trust I have had for people. Before this incident, I treated everyone equally and was not afraid of anyone because of his race. But now, when I see a Hispanic male, I get a cold chill. And the comments some of them make toward me in Spanish, which I understand, makes me sick. I wonder now if this man has made me prejudiced against his own race. It's people like him that make others resent Hispanics. Although nothing can replace what I have lost, his severe punishment will give me the peace of mind to say people can't get away with this. I'm saying this for me and for the girls he will rape after me. Give him all the time you can. After all, your daughter may be next.

The trial court sentenced Yanez "to 150 months * * * and execute[d] that to the Commissioner of Corrections for the State of Minnesota." This constituted an upward departure of 40 months from the presumptive sentence of an executed 110 months' imprisonment for first degree criminal sexual conduct with a criminal history score of 2. *See* Minn.Sent.Guidelines IV. The court also ordered him to pay the victim restitution and to pay a $5,000 fine, a $500 surcharge and a $15 library fee.

As the reasons for the upward departure, the court stated:

The Court believes that under the circumstances of this case, including for the reasons set forth in the victim's statement, as well as the reasons disclosed in a review of the discovery materials provided in the Court's file in response to discovery demands by your attorney, evidence that you threatened to kill the victim on the date that this happened, that you choked her, that you hit her on the head, that you raped her vaginally two times, rectally once, that you threatened to rape her a third time vaginally, and in fact threatened to sodomize her or have her commit sodomy upon you through oral sex, I think that the aggravating circumstances of the repeated rapes and the violence that were attendant in the incident in question, as well as the fact it involved a kidnapping and took place in her own car, are justifiable reasons for departing upward.

## ISSUE

1. Did the trial court err by considering the victim's statement in sentencing?

2. Did the trial court err by sentencing appellant to an executed 150 months' imprisonment, a less-than-double departure, for first degree criminal sexual conduct?

## DISCUSSION

### I

Yanez argues that the trial court improperly considered reasons set forth in the victim's statement to support the upward departure.

Minn.Stat. § 611A.038 (1990) provides:

A victim has the right to submit an impact statement to the court at the time of sentencing or disposition hearing. The impact statement may be presented to the court orally or in writing, at the victim's option. If the victim requests, the prosecutor must orally present the statement to the court.

Statements may include the following, subject to reasonable limitations as to time and length:

(1) a summary of the harm or trauma suffered by the victim as a result of the crime;

(2) a summary of the economic loss or damage suffered by the victim as a result of the crime; and

(3) a victim's reaction to the proposed sentence or disposition.

The statute does not specify what consideration the trial judge is to give the statement.

The legislature does not "intend a result that is absurd." Minn.Stat. § 645.17 (1990). "Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (1990). Based on these principles of statutory construction, we infer that the legislature intended the trial court to consider the victim's statement in sentencing.

■ Because the legislature did not specify that the statement constitutes an additional and separate basis for departure, we conclude that the trial court may consider the victim's impact statement *to the extent* that it states a proper reason for departure from the guidelines and is supported or corroborated by evidence in the record. If the impact statement satisfies these conditions, then the trial court may consider it as a factor supporting departure from the guidelines. The trial court may not, however, respond to an appeal to emotion, bias or other prohibited considerations. *See* Minn.Sent.Guidelines II.D.1.

■ The victim stated that Yanez raped her three times, once rectally and twice vaginally. Yanez did not testify that he rectally penetrated the victim. In *State v. Winchell*, 363 N.W.2d 747, 749 (Minn.1985), the Minnesota Supreme Court held that the trial court is not bound to the facts in the defendant's "testimony at the time he pleads guilty." The trial court can "look at the conduct underlying the offense. *State v. Womack*, 319 N.W.2d 17, 19 (Minn.1982). The trial court noted, "comments relative to the sodomization by rectal penetrations relate to police reports and a statement that the victim gave to the police that was contained in the court's file." The trial court properly considered the rectal penetration mentioned in the impact statement, because it was supported by the record.

■ K.S. stated that because she had been a victim of child sexual abuse, the rape had a painful psychological effect on her. She also expressed difficulty dealing with other persons of Yanez's ethnic group. This part of the impact statement is a summary of harm or trauma she suffered as a result of the rape. *See* Minn.Stat. § 611A.038. To the extent that these are improper aggravating factors, they do not support an upward departure.[1] There is nothing in the record to indicate that Yanez knew of her childhood trauma and no reason to conclude that her fear of an entire ethnic group will prove to be permanent.

The victim closed her statement with, "After all, your daughter may be next." This statement can be interpreted only as an emotional appeal to bias or prejudice. The record does not suggest in any way that the trial court took this appeal into consideration.

## II

■ The trial judge has discretion to depart from the presumptive sentence under the guidelines if the offense involves "substantial and compelling circumstances." Minn.Sent.Guidelines II.D; *State v. Cook*, 351 N.W.2d 385, 386 (Minn.App.1984) (citing *State v. Garcia*, 302 N.W.2d 643 (Minn. 1981)).

In *State v. Glaraton*, 425 N.W.2d 831, 834 (Minn.1988), the supreme court stated:

Generally, when aggravating circumstances are present, the upper limit on a

---

1. We note that a victim's particular vulnerability can serve as a proper aggravating factor under certain circumstances. *See* Minn.Sent.Guidelines II.D.2.b(1) (reason for upward departure includes the victim's particular vulnerability

"due to age, infirmity, or reduced physical or mental capacity which was *known or should have been known* to the offender") (emphasis supplied).

durational departure is double the Sentencing Guidelines maximum presumptive sentence duration. *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981).

The issue before a trial court in deciding whether to depart durationally is "whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question." *Holmes v. State*, 437 N.W.2d 58, 59 (Minn.1989) (quoting *State v. Back*, 341 N.W.2d 273, 276 (Minn.1983)); *State v. Cox*, 343 N.W.2d 641, 643 (Minn. 1984). The factors justifying aggravation focus primarily on the degree of defendant's culpability. *State v. Wright*, 310 N.W.2d 461, 462 (Minn.1981).

### A. *Multiple Penetrations*

"Multiple penetrations alone justify a double, but not greater, upward durational departure." *State v. Mesich*, 396 N.W.2d 46, 52 (Minn.App.1986) *pet. for rev. denied* (Minn. Jan. 2, 1987). The trial court cited Yanez's vaginal and rectal penetrations of the victim as aggravating factors.

In *State v. Gettel*, 404 N.W.2d 902, 906 (Minn.App.1987), *pet. for rev. denied* (Minn. June 26, 1987), this court held that defendant's penetration of the victim's vagina on two consecutive evenings did not "warrant a departure on the basis of multiple sexual penetrations." However, in *Gettel* approximately 24 hours lapsed between the penetrations, whereas here the multiple penetrations occurred during a two-hour time frame. We conclude that the multiple penetrations during this concentrated period of terror justify an upward durational departure.

### B. *Abduction*

In discussing the trial court's determination, the supreme court in *Cox* stated:

[T]he court may not consider evidence that points to the defendant's guilt of some other offense but that does not support the conclusion that the defendant committed the offense in question in a particularly serious way. On the other hand, generally it is proper for the sentencing court to consider the course of conduct underlying the charge for which the defendant is being sentenced.

*Cox*, 343 N.W.2d at 643. The trial court here used the kidnapping of the victim as an aggravating factor. The court reasoned:

In this case the petitioner's sentence was not increased because a kidnapping charge was dismissed, and a departure is not defective because the prosecution chose to negotiate one way rather than the other. In sentencing the Court may consider a broader range of conduct. The acts which may have supported a kidnapping charge are not in dispute and may be considered aggravating factors even if all the elements of the charge have not been proven conclusively.

Citing *State v. Ott*, 341 N.W.2d 883 (Minn.1984), Yanez argues that the withdrawn kidnapping charge should not have been used to aggravate his sentence. In *Ott* the trial court sentenced the defendant on two theft and two burglary convictions. One burglary and theft occurred in July 1982; a second burglary and theft occurred in September. *Id.* at 883. As part of the plea agreement the prosecutor agreed not to charge Ott with other offenses. *Id.* at 884. In sentencing, the trial court referred to "the fact that there were other crimes of the same nature for which the state agreed not to prosecute." *Id.* The Minnesota Supreme Court remanded for resentencing:

If evidence only supports defendant's guilt of some other offense but does not support the conclusion that the defendant committed the instant offense for which he is being sentenced in a particularly serious way, then it cannot be relied upon as a ground for departure. *State v. Running*, 330 N.W.2d 119 (Minn.1983); *State v. Brusven*, 327 N.W.2d 591 (Minn. 1982).

*Ott*, 341 N.W.2d at 884.

Yanez's reliance on *Ott* is misplaced. In *Ott* the trial court erred because it considered evidence unrelated to the severity of the offense for which he was being sentenced. *Id.* at 884.

In *Garcia*, 302 N.W.2d at 647, the court held that in sentencing on a kidnapping conviction, the trial court "should be permitted to consider what happened during the kidnapping." *See also State v. Coley*, 468 N.W.2d 552 (Minn.App.1991). The Minnesota Supreme Court has recognized exceptions to this rule. *See State v. Schmit*, 329 N.W.2d 56, 57 (Minn.1983) (citing *Womack*, 319 N.W.2d at 19). In *Womack* the court held it was error for the trial court to rely on the overall course of conduct as justification for an upward sentencing departure because the defendant denied that certain conduct occurred. *Womack*, 319 N.W.2d at 19. He admitted to unlawful possession of a gun, but denied that he assaulted the victim with it. *Id.*

Unlike the defendant in *Womack*, Yanez does not deny that he abducted or kidnapped the victim. The kidnapping was part of the course of conduct leading to Yanez's rape of the victim. The multiple penetrations and the abduction provide substantial and compelling circumstances to justify Yanez's aggravated sentence.

### C. *Violence*

The trial court cited Yanez's violence in committing the rape as a reason for the upward durational sentencing departure. This violence included his threat to kill the victim, choking her and striking her on the head.

Elements of the offense are improper factors for an upward departure. *See State v. Peterson*, 329 N.W.2d 58, 60 (Minn.1983). A person who engages in sexual penetration with another person and at the time of the act causes the complainant to have a reasonable fear of imminent great bodily harm commits criminal sexual conduct in the first degree. Minn.Stat. § 609.342, subd. 1(c) (1990). Yanez's use of force, threats and physical assault is conduct associated with first degree criminal sexual conduct. *Cf. State v. Fairbanks*, 308 N.W.2d 805, 806 (Minn.1981) (departure justified because defendant treated victim with "particular cruelty" of a kind not normally associated with commission of the offense in question). Thus, the trial court erred by considering Yanez's violence as an aggravating factor.

### D. *Victim's Car*

The trial court cited the occurrence of the rape in the victim's car as an aggravating factor. Yanez argues that the "zone of privacy" has not been extended to a victim's car.

In *State v. Titworth*, 381 N.W.2d 510, 512 (Minn.App.1986), *pet. for rev. denied* (Minn. Apr. 18, 1986), the victim was raped in the laundry room of her apartment building. This court held that "[i]nvasion of the victim's zone of privacy justifies departure because it puts the victim in constant fear for her safety whenever she is at home or in the surrounding area." *Id.*

K.S. is apprehensive while in her car. However, the victim's car is not an extension or part of her home as is an apartment laundry room. *Titworth* refers to the victim's fear *at home* or *in the surrounding area*. In *State v. Mortland*, 399 N.W.2d 92, 95 n. 2 (Minn.1987), the Minnesota Supreme Court refused to extend the zone of privacy concept to a public park. Similarly, we may not extend the "zone of privacy" concept to automobiles, which are commonly left in public places, are easily broken into, and offer little or no privacy.

### DECISION

Affirmed.