STATE of Minnesota, Respondent,

v.

Margaret RANDOLPH, Appellant.

No. 81–855.

Supreme Court of Minnesota.

Feb. 23, 1982.

C. Paul Jones, Public Defender, and Margaret LaMarche, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Kevin O'Connell, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This sentencing appeal raises the issue of whether, under some circumstances at least, a convicted criminal defendant may refuse probation and insist upon execution of a prison sentence. Defendant was convicted upon her guilty plea to a charge of unlawful sale of a Schedule IV controlled substance. The presumptive Guidelines sentence for such offense for a person with defendant's criminal history score is 14 months with execution of the sentence stayed. On May 21, 1981, the trial court, after offering defendant an opportunity to recommend a sentence which she deemed might be helpful to her and receiving the answer that she knew she needed help but did not know where to turn, sentenced her to a 14–month term at the Minnesota Correctional Facility at Shakopee, stayed execution of such sentence, and placed her on probation for 3 years, the first year to be served in the county jail with the possibility of release to a chemical dependency treatment program after 6 months.

The defendant refused to sign the document containing the conditions of probation and about 1 month after the sentencing, wrote to the sentencing judge requesting that the probationary sentence be vacated and the sentence to Shakopee be executed. A formal petition was thereafter filed on behalf of the defendant and on July 7, a hearing was held on the petition where she sought, without opposition by the prosecutor, vacation of the stay and execution of the prison sentence. The trial court denied the petition and this appeal followed with defendant asserting, and the State denying, that a convicted criminal defendant has a right to refuse probation and demand execution of sentence. This is an issue of first impression in this court.

Defendant is a 30-year-old mother who has been separated from her children for nearly 2 years. She has had a "long, long problem with the criminal justice system" primarily as a result of her involvement with the drug subculture and, as the corrections agent put it, has "gone through * * * every treatment facility * * * available to her." Defendant acknowledged at the sentencing hearing that treatment "obviously * * * hasn't worked for me."

The earliest of the cases cited, *Cooper v. United States*, 91 F.2d 195, 199 (5th Cir. 1937), expressed the view that a defendant has no right to refuse probation because probation is "a discretion in the Court, not a choice in the convict." Defendant, however, relies on a number of more recent cases from other jurisdictions that she argues have held that a defendant has a right to refuse probation. *See e.g., In re Osslo*, 51 Cal.2d 371, 334 P.2d 1, *cert denied*, 357 U.S. 907, 78 S.Ct. 1152, 2 L.Ed.2d 1157 (1958).

Traditionally, probation has been viewed as a sentencing alternative available to the sentencing judge. Although probation is not a sentence of imprisonment but an alternative to it, a Minnesota court may, as a condition of probation, require the defendant to serve up to 1 year's incarceration in a county jail, a county regional jail, a county workfarm, county workhouse, or other local correctional facility. Minn.Stat. § 609.135, subd. 4 (1980). If the defendant violates probation and is thereafter either sentenced to prison or ordered there on a vacation of a stay of execution of sentence, he is not entitled to have time spent on probation, even while incarcerated, credited against his prison sentence. *Vezina v.*

*State*, 289 N.W.2d 408 (Minn.1979); *State ex rel. Ahern v. Young*, 273 Minn. 240, 141 N.W.2d 15 (1966).

We now have a situation, created by "good time" legislation granting prison inmates a reduction of sentence by 1 day for each 2 days they do not violate prison rules (Minn.Stat. § 244.04, subd. 1 (1980)), and the presumptive sentences under Sentencing Guidelines, where some defendants will not want probation. A defendant sentenced to prison will, if he does not violate prison rules, serve two-thirds of the sentence imposed by the court and will then be released from the prison under supervised release for a period equal to the good time earned. This defendant is a good example. If the 14-month prison sentence is executed and she earns the maximum good time credit, she will be released after 9.32 months. If she then violates conditions attached to her release, she might have to go back to prison, but would receive credit for the time previously spent there. On the other hand, under the trial court's probationary approach, she will have to serve a year in the county jail unless she is released to a treatment program after 6 months. In either event, the probationary period continues after her release and if she violates probation at any time during the 3 years, she faces the 14-month prison sentence with no credit for time spent on probation, even the time spent in the county jail.

Defendants granted probation but not sentenced to jail as a condition thereof have a practical means of "refusing" probation by violating its conditions; however, they are less likely to want to refuse probation. A defendant who is in jail as a condition of probation may want instead to serve his time in prison, but he has no immediate practical way of violating that condition in order to be sent to prison. Violations of jail rules would ordinarily not be a violation of conditions of probation, but even if they were, jail authorities have disciplinary procedures for handling such violations without seeking revocation of probation.

The abstract argument that a defendant should be able to refuse probation is not persuasive. While a defendant may prefer to go to prison, society also has an interest that may well include a period of incarceration of the defendant followed by the threat of prison as a means of encouraging a defendant to accept treatment, make restitution, change his lifestyle, or other desirable ends.

■ However, in some cases, the imposition of a long probationary jail term may, in effect, constitute a de facto departure from the presumptive sentence established by the Sentencing Guidelines. Under the Sentencing Guidelines, the presumptive sentence is the most onerous sentence that should be imposed absent aggravating factors constituting grounds for departure. If the presumptive sentence is probation but the trial court attaches conditions of probation that make the probationary sentence more onerous in reality than a prison sentence, then the trial court, in effect, has not followed the Sentencing Guidelines. Or, to put it in another way, the court has followed the Sentencing Guidelines in form but not in spirit or effect.

■ We believe there is merit to the argument that if the conditions of probation make probation more onerous than prison and if it cannot be demonstrated that society's interests suffer by vacating the probation sentence, the defendant should be allowed to refuse probation and demand execution of sentence. One practical way of putting an end to such demands as those that gave rise to this case would be for trial courts to limit probationary jail time to one-half of the duration of the presumptive sentence in cases in which the duration of the presumptive sentence is less than 24 months.[1]

■ In this case we believe that the trial court should be given an opportunity, if it chooses, to reduce the probationary jail time

---

1. While the Sentencing Guidelines Commission was authorized by the legislature to establish appropriate sanctions for offenders for whom imprisonment is not proper (Minn.Stat. § 244.-09, subd. 5(2) (1980)), the Commission has not established probationary guidelines.

imposed on the defendant, thereby removing much of the incentive for the defendant to insist upon execution of the prison sentence. However, if the defendant still insists on refusing probation, the execution of the original prison sentence should be ordered.

Remanded.