STATE of Minnesota, Respondent,

v.

Harold John WILWERT, Jr., Appellant.

No. 81–1304.

Supreme Court of Minnesota.

March 25, 1982.

William E. Falvey, County Public Defender, and Marguerite M. McCarron, Asst. Public Defender, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal. The two offenses which led to the appeal were both committed last year, when defendant was 18. Defendant pled guilty to the first offense, burglary, on August 17, 1981, and the trial court ordered a presentence investigation. Early on September 20, 1981, while awaiting sentencing, defendant committed another burglary and was caught just a few blocks away by the police. Defendant pled guilty to that offense on October 8, 1981, and agreed to let the district court sentence him for both offenses at that time.

Both offenses are severity level IV offenses. Defendant's criminal history score for the first was zero and—following the approach which we approved in State v. Hernandez, 311 N.W.2d 478 (Minn.1981)— for the second was two, one for the prior offense and one for committing it while awaiting sentencing. The presumptive sentence for the first offense was 1 year and 1 day stayed and for the second was 18 months stayed, with the sentences to run concurrently.

The trial court, stating that it had no intention to depart, sentenced defendant to concurrent terms of 1 year and 1 day and 18

months, stayed execution of the sentences for 5 years, and placed defendant on probation. As conditions of probation the court ordered defendant to serve 6 months in jail for the first offense and 12 months for the second, the second jail term to run consecutively to the first. The court also ordered defendant to make restitution.

Defendant's attorney objected to the court's decision to make the jail terms consecutive, but the trial court refused to change that decision. Defense counsel then announced, after talking with defendant, that defendant wanted to refuse probation. The court, believing that defendant had no such right, refused to allow that.

This appeal followed.

■ 1. Our opinion in *State v. Randolph*, 316 N.W.2d 508 (Minn., 1982), where we held that a similarly situated defendant had a right to refuse probation, controls the disposition of the issue of whether defendant has a right to refuse probation and insist on execution of the stayed concurrent prison terms.

2. However, the second issue, whether the trial court had authority to make the probationary jail terms consecutive, is an issue not controlled by *Randolph*.

■ Authority for imposition of a jail term as a condition of probation is found in Minn.Stat. § 609.135 (1980), which provides in subdivision 4 as follows:

> The court may, as a condition of probation, require the defendant to serve up to one year incarceration in a county jail, a county regional jail, a county workfarm, county workhouse or other local correctional facility. The court may allow the defendant the work release privileges of section 631.425 during the period of incarceration.

*Id.*

We need not decide whether a trial court may, in certain situations, place in jail for more than a year as a condition of probation a defendant who has committed multiple offenses. In the context of this case, where the presumptive sentence is stayed concurrent terms of 1 year and 1 day and 18

months, the effect of the stacking is to make the probationary sentence more onerous than even departure in the form of execution of the presumptive sentence would be. If the concurrent prison terms were executed, defendant would be entitled to release in 12 months, assuming good behavior. Under the district court's sentence, defendant might well be in jail much longer and then would still face the possibility of time in prison without credit for probationary jail time served, if he violated probation after being released. *See Vezina v. State*, 289 N.W.2d 408 (Minn.1979); *State ex rel. Ahern v. Young*, 273 Minn. 240, 141 N.W.2d 15 (1966). Under the circumstances, we hold that the stacking in this case should not be permitted.

This case is remanded to the district court for resentencing, at which time the district court should reduce the total probationary jail time to 1 year and may, if it chooses, reduce it more pursuant to our suggestion in *Randolph* that courts consider limiting probationary jail time to one-half of the length of the presumptive sentence. Here, as in *Randolph*, if defendant still insists on refusing probation, the execution of the original prison sentence should be ordered.

Remanded.