**STATE of Minnesota, Respondent,**

v.

**Reginald Craig SUTHERLIN, Appellant.**

**No. C8–83–1508.**

Court of Appeals of Minnesota.

Dec. 21, 1983.

Edward S. Wilson, Neighborhood Justice Center, St. Paul, for appellant.

Thomas J. Foley, County Atty., St. Paul, for respondent.

## OPINION

SEDGWICK, Judge.

This is a sentencing appeal. We remand. Defendant was convicted on January 28,

1983, of Unauthorized Use of a Motor Vehicle. The presumptive guidelines sentence for this offense with defendant's criminal history score is 15 months with execution of sentence stayed.

Sentencing was originally set for March 8, 1983, but was continued to March 11, at defendant's request, to give him additional time to decide whether to accept probation including a workhouse term and other conditions or request execution of sentence. When defendant did not appear for sentencing on March 11, his bond was forfeited, a bench warrant issued, and he was subsequently apprehended and sentenced on April 7, 1983.

During a presentencing conference on this date, the court and counsel discussed in chambers whether defendant should be sent to prison or placed on probation and given a workhouse term. Defendant's attorney advised the court that defendant preferred a probationary sentence and that this option would be better for him in light of his admitted alcohol problem, his willingness to try some sort of treatment program, and the substantial restitution involved.

The sentencing judge, after offering defendant an opportunity to recommend a sentence which he deemed might be helpful to him, sentenced defendant to a 15-month term at the State Reformatory in St. Cloud, stayed execution of such sentence, and placed him on probation for five years, the first year to be served in the county workhouse. Defendant was also ordered to make restitution in the amount of $3,228.11, and enroll in an alcohol treatment program after release from the workhouse if recommended by his probation officer.

Without objection defendant began serving his workhouse term on April 11, 1983. About a month later he notified his attorney that he wanted to have his sentence executed. Eighty-one days from the date of sentencing, defendant served his motion to reduce his workhouse term from 12 months to 7½ months (one-half the executed sentence), or in the alternative for execution of his prison sentence of 15 months with credit for all time already served. The motion was heard and denied by the trial court on June 27, 1983.

## ISSUE

Did defendant waive his right to demand execution of sentence, by initially choosing probation including one year in the workhouse, restitution and treatment?

## ANALYSIS

The Minnesota Supreme Court in *State v. Randolph*, 316 N.W.2d 508 (Minn.1982) analyzed the dichotomy between society's interests in having defendant participate in rehabilitative programs such as alcohol treatment, make restitution, and be supervised for a period on probation, and defendant's right to insist on execution of a prison sentence where terms of probation are more onerous in reality than serving the sentence. The Supreme Court suggested that limiting the probationary jail time to one-half the executed sentence was a "practical way" to encourage defendants to accept probation and therefore reduce demands for execution of sentence. The court noted that imposition of long probationary jail terms could constitute de facto departure from the sentencing guidelines, especially when the defendant still faced possible revocation of a stayed sentence with no credit for jail time served while on probation.

A defendant has no right to insist on any limitation of probationary jail time. This determination is entirely discretionary with the trial court. Minn.Stat. Sec. 609.-135, subds. 1 and 4. Under present law a defendant has no right to credit for probationary jail time served pursuant to a stayed sentence against a subsequent revocation and execution of that sentence. *Vezina v. State*, 289 N.W.2d 408 (Minn. 1979); *State ex rel. Ahern v. Young*, 273 Minn. 240, 141 N.W.2d 15 (1966). A defendant does have a right to demand execution of the sentence where, as here, terms of probation are more onerous than the

executed sentence. *State v. Randolph,* 316 N.W.2d 508 (Minn.1982); *State v. Murto,* 316 N.W.2d 739 (Minn.1982); *State v. Smith,* 316 N.W.2d 562 (Minn.1982). The *Randolph* court simply suggested a limitation on jail time of one-half the presumptive sentence as a means of making probation more desirable, and as a practical means of discouraging defendants from rejecting probation. *State v. Dillener,* 336 N.W.2d 268 (Minn.1983).

■ The problems raised by the *Randolph* court and by the present defendant will not occur for felonies committed on or after November 1, 1983. Revised sentencing guidelines effective that date require credit against an executed sentence for jail time spent on probation. Minn. Sentencing Guidelines III.B.01, C Rev. eff. 8/1/82; 11/1/83. Reduction of jail time for sentences imposed for felonies committed prior to November 1, 1983, is still the only incentive trial judges can use to encourage defendants to elect probation. Judges are not required to give this incentive, but shortening jail time is consistent with the sentencing guidelines in instances where commitment to prison is not presumed since it prevents conditions of probation from being more onerous than serving the sentence. Even where the judge reduces jail time, if defendant still refuses probation, the court should order execution of the original sentence. *State v. Randolph,* 316 N.W.2d 508 (Minn.1982).

■ In this case the defendant's condition of probation is one year in the workhouse, alcohol treatment and restitution. His prison sentence of 15 months, if executed, would have him serve 10 months with good time. We read *Randolph* as recognizing society's interest in rehabilitative measures as being a valid reason for reducing defendant's likelihood of demanding the execution of sentence but requiring the court to order execution of sentence where defendant still insists upon prison. Although defendant here originally chose probation over prison, he changed his mind after one month at the workhouse, and there is no record indicating a knowing, intelligent waiver of his right to be sentenced according to law and in lieu thereof to accept a de facto sentence which potentially doubles the period of incarceration presumed by the guidelines.

■ We remand. The trial court may if it wishes reduce jail time to encourage defendant to accept probation. However, if the defendant still insists on refusing probation, the execution of the original sentence shall be ordered. If defendant demands that sentence be executed, we order credit against defendant's prison sentence of all days spent in jail on probation from June 27, 1983, the date he requested that sentence be executed, to the date the sentence is executed.

FOLEY, J., took no part.