STATE of Minnesota, Petitioner,
Respondent,

v.

Samuel H. WESENBERG, Appellant.

No. C1-84-582.

Court of Appeals of Minnesota.

May 22, 1984.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Richard Jessen, Benton County Atty., Foley, for respondent.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is a sentencing appeal. Defendant was placed on probation for unauthorized use of a motor vehicle. He subsequently committed a burglary and was sentenced to prison. The trial judge denied defendant's timely request to have his probationary sentence executed concurrent with the prison term for burglary. We reverse.

## FACTS

On April 11, 1983, appellant pled guilty in Benton County to unauthorized use of a motor vehicle. Imposition of sentence was stayed for three years, defendant was placed on probation for three years, in keeping with the sentencing guidelines. Conditions of probation included two days in jail, reimbursement of $150.00 court costs and a $40.00 assessment. On December 9, 1983, appellant was sentenced to prison for 13 months for burglary in McLeod County.

On January 23, 1984, appellant appeared before the trial court in Benton County on an arrest and detention order because of the new felony. He requested that his probation be revoked, and because he already was in prison, that the presumptive sentence of one year and one day be imposed and executed. This request was denied.

## ISSUE

Is defendant entitled to have a probationary sentence on an earlier felony executed and served concurrent with the prison sentence on a later felony?

## DECISION

A defendant serving a prison sentence on one felony has the right to demand execution of a prior probationary sentence to comply with Minnesota Sentencing Guidelines presumption of concurrency in sentences. Minn. Sentencing Guidelines II F; *State v. Randolph*, 316 N.W.2d 508 (Minn. 1982); *State v. Smith*, 316 N.W.2d 562 (Minn.1982); *State v. Murto*, 316 N.W.2d 739 (Minn.1982); and *State v. Sutherlin*, 341 N.W.2d 303 (Minn.App.1983).

Reversed.