STATE of Minnesota, Respondent,

v.

**Pamela M. HORNER, Appellant.**

No. CX–84–919.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R.T. Rodenberg, Brown County Atty., New Ulm, for respondent.

C. Paul Jones, Minn. State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER, and CRIPPEN, JJ. with oral argument waived.

## OPINION

PARKER, Judge.

This is a sentencing appeal. Appellant Pamela Horner was convicted of criminal sexual conduct in the third degree in violation of Minn.Stat. § 609.344 (1982) and sentenced to 18 months in prison. Execution was stayed and appellant was placed on probation for ten years. At the same time, appellant was sentenced to 50 months in prison for criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.342 (1982). The ten-year probation-ary period was ordered to run after the incarceration period was completed or after she was released from prison. The appellant contends on appeal that the sentences should have run concurrently and that she is entitled to demand execution of the probationary sentence. We agree with appellant and therefore modify the sentence accordingly.

## FACTS

On November 28, 1983, appellant pleaded guilty to first- and third-degree criminal sexual conduct involving an act of fellatio on a 2½-year-old boy and an act of cunnilingus on a 14-year-old girl. At sentencing appellant requested execution of the sentence to facilitate her learning of "independent living skills" at the Shakopee prison.

Appellant was sentenced for the third-degree criminal sexual offense and was given an 18-month sentence with a stay of execution. She was placed on probation for ten years.

The trial court imposed a 50-month prison sentence for the first-degree criminal sexual offense, which was the presumptive sentence under the *Hernandez* method of sentencing (severity level VIII offense and criminal history score of 1, using the criminal sexual third-degree offense to generate the felony point). The probationary sentence was made to run consecutively to the 50-month prison sentence. One of the conditions of probation included the requirement that appellant report to the trial court upon release from prison for a determination of the need for sex offender treatment. This appeal followed.

## ISSUE

Is appellant entitled to have a probationary sentence executed to be served concurrently with a prison sentence imposed later the same day, when the later sentence used the *Hernandez* method of sentencing?

## ANALYSIS

The State concedes that the sentences on both offenses should have been made to

run concurrently rather than consecutively. *See State v. Moore,* 340 N.W.2d 671 (Minn. 1983). The State contends that under *State v. Randolph,* 316 N.W.2d 508, 510 (Minn.1982), a defendant may choose prison over probation only if probation is more onerous than prison and if it cannot be demonstrated that society's interest suffers by vacating the probation sentence. The crux of the State's contention is that societal interests in this case require supervision of the appellant beyond her prison sentence and thus she is not entitled to automatic execution of the probationary sentence.

While there is some superficial appeal to this argument considering the seriousness of the appellant's offenses, we said in *State v. Sutherlin,* 341 N.W.2d 303, 306 (Minn. Ct.App.1983):

> We read *Randolph* as recognizing society's interest in rehabilitative measures as being a valid reason for reducing defendant's likelihood of demanding the execution of sentence but requiring the court to order execution of sentence where defendant still insists upon prison.

Further, recent case law supports appellant's contention that she had the right to refuse probation in connection with the criminal sexual conduct in the third degree offense and demand concurrent execution of the sentence so that she will not have to serve approximately six years on probation. *See State v. Anderson,* 345 N.W.2d 764, 766 (Minn.1984); *State v. Ott,* 341 N.W.2d 883, 884 (Minn.1984); *State v. Wesenberg,* 348 N.W.2d 117, 118 (Minn.Ct.App.1984). As we said in *State v. Roesch,* 349 N.W.2d 348, 349 (Minn.Ct.App.1984):

> Because a court cannot legally impose consecutive sentences, except for crimes against persons and escape from custody, placing a defendant on probation for one crime and executing a prison sentence on another is wasted effort as well as being contrary to the guidelines and the above case law. There simply is no way to enforce probation because any sentence revocation would have to be

credited with the time already served on the executed sentence.

### DECISION

Appellant is entitled to have her sentence for criminal sexual conduct in the third degree executed, to be served concurrently with her 50-month prison sentence.

**Affirmed as modified.**