**STATE of Minnesota, Respondent,**

v.

**Herbert MILBRAD, Appellant.**

No. CX–83–537.

Supreme Court of Minnesota.

Oct. 12, 1984.

Stephen W. Cooper, Neighborhood Justice Center, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Steven C. DeCoster, St. Paul, for respondent.

AMDAHL, Chief Justice.

This appeal is from an order of the district court refusing to allow a criminal defendant to refuse probation and insist on execution of a stayed 18-month prison term. We reverse and remand.

On July 28, 1982, defendant pleaded guilty to one count of a two-count complaint charging him with the burglaries of two different rooms in a St. Paul hotel. The presumptive sentence for the offense in question (a severity level IV offense) by a person with defendant's criminal history score (two) is 18 months stayed. The trial court sentenced defendant to 18 months, stayed execution of the sentence and ordered defendant to serve 1 year of probationary jail time.

Subsequently, defendant moved for an order executing the sentence. The trial court refused to order defendant's sentence executed, although the court did reduce defendant's probationary jail time to 8 months, and directed that defendant receive time off for good behavior and credit for any time he had spent in jail while the charges against him were pending.

We reverse the trial court's order. Under *State v. Randolph*, 316 N.W.2d 508 (Minn.1982), defendant had a right to refuse probation and insist on execution of his sentence. *See also State v. Murto*, 316 N.W.2d 739 (Minn.1982), *State v. Smith*, 316 N.W.2d 562 (Minn.1982), and *State v. Wilwert*, 317 N.W.2d 346 (Minn.1982). As in *Murto, Smith, Wilwert*, and *Randolph*, we remand this matter to the trial court with instructions to allow defendant to refuse probation and insist on execution of the sentence.

Defendant may, however, upon reconsideration, decide against insisting on execution of his sentence. One of the key facts which apparently motivated defendant to refuse probation was the knowledge that if he violated probation and was sentenced to

prison, he would not receive any credit for probationary jail time. The Sentencing Guidelines Commission has changed Section III.C., effective November 1, 1983, to require that probationary jail time be credited against time served in prison following a revocation of probation. The practical effect of this change will surely be to reduce the incentive for one such as defendant to insist on execution of sentence.

Reversed and remanded.