**STATE of Minnesota, Respondent,**

v.

**John Russell NELSON, Appellant.**

No. C7–85–242.

Court of Appeals of Minnesota.

March 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Harry Christian, LeSueur County Atty., Le Center, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## SUMMARY OPINION

HUSPENI, Judge.

Appellant John Russell Nelson pleaded guilty in LeSueur County in 1982 to criminal damage to property after stealing a stereo cassette player which had been mounted on the dashboard of a pickup

truck. He was placed on probation and ordered to pay $500 restitution for the damages to the truck and stereo.

On April 23, 1984, Nelson was convicted in Hennepin County of criminal sexual conduct in the first degree and received a 41-month executed prison sentence. On July 9, 1984, the LeSueur County District Court vacated Nelson's probation because of his criminal sexual conduct conviction. A revocation hearing was held on November 19, 1984, and Nelson's request to have his LeSueur County sentence executed was granted pursuant to *State v. Randolph*, 316 N.W.2d 508 (Minn.1982). The trial court continued the restitution, and in a supplemental order on January 14, 1985, affirmed the restitution order because (1) Nelson impliedly agreed to restitution as part of his original guilty plea in 1982, and (2) 1984 amendments to Minn.Stat. § 609.10 permit restitution in addition to executed sentences.

## DECISION

When a defendant agrees to pay restitution as part of a guilty plea, the obligation to pay restitution continues after the probationary sentence is executed at defendant's request. *State v. Moore*, 340 N.W.2d 671 (Minn.1983). We have reviewed the transcript of the 1982 guilty plea and are satisfied that the trial court's determination that Nelson impliedly agreed to restitution is not erroneous. The transcript shows at least 16 questions posed to Nelson during his examination determining the factual basis for the plea specifically dealing with the cost of the damage. The transcript also shows Nelson's attorney specifically asked the court to have the presentence investigation report include "a couple of estimates on the repair" since "restitution is going to be indicated most likely * * *." In reply to this, the trial court stated, "I will request the Department of Corrections to determine the reasonable value of restitution."

Affirmed.