**STATE of Minnesota, Respondent,**

v.

**Jean MARTIN, Appellant.**

**No. C9–86–415.**

Court of Appeals of Minnesota.

May 27, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, W.M. Gustafson, Nicollet Co. Atty., St. Peter, David J. Twa, Blue Earth Co. Atty., Mankato, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## MEMORANDUM OPINION

NIERENGARTEN, Judge.

Appellant Jean Martin pleaded guilty to two counts of theft and four counts of aggravated forgery stemming from her actions in passing bad checks.

The trial court stayed imposition on the theft charges and placed Martin on probation for five years. The trial court also stayed imposition on three of the aggravated forgery charges and placed Martin on 10 years probation. On the final aggravated forgery count the trial court sentenced Martin to an executed term of 19 months, based on a severity level I offense and a criminal history score 6, generated under the *Hernandez* method. Martin requested that the other probationary sentences be imposed and executed to assure concurrency in sentencing, but the trial court refused the request on the ground that a defendant given a stay of imposition is not entitled to demand execution of sentence to assure concurrency with other executed sentences. The State did not file a brief and we proceeded pursuant to Minn.R.Civ.App.P. 142.-03.

## DECISION

Martin's request to execute the stayed sentences should have been granted. *State v. Milbrad,* 355 N.W.2d 706 (Minn. 1984); *State v. Randolph,* 316 N.W.2d 508 (Minn.1982); *State v. Wesenberg,* 348 N.W.2d 117 (Minn.Ct.App.1984). There is no logical reason why *Randolph* does not apply to a defendant's right to refuse probation when the defendant has been granted a stay of imposition but does apply when a defendant has been granted a stay of execution.

Reversed and remanded.