STATE of Minnesota, Respondent,

v.

Shawn Aron SAMARZIA, a/k/a
Richard John Mitchell,
Appellant.

No. C2–90–146.

Court of Appeals of Minnesota.

March 20, 1990.

Review Denied April 25, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis County Atty., Charles Philip Schumacher, Asst. County Atty., Duluth, for respondent.

John M. Stuart, Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and MULALLY *, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Shawn Aron Samarzia challenges the trial court's imposition of a new sentence after he requested execution of the original sentence. Concluding appellant had no right to request execution of his sentence, we reinstate the original sentence.

## FACTS

After a burglary in July 1989, appellant pled guilty to burglary in the second degree (Minn.Stat. § 609.582, subd. 2(d) (1988)), a felony, and giving a false name to a police officer (Minn.Stat. § 609.506 (1988)), a gross misdemeanor. The trial court stayed sentences of one year plus one day on the burglary charge and one year on the other charge. The court provided that probationary supervision under the second sentence run concurrently with supervision under the first, but required that a three month regional center placement condition under the second sentence be consecutive to the six month condition under the first. Upon defendant's request that

---

* Acting as judge of the Court of Appeals by ap-   pointment pursuant to Minn. Const. art. VI, § 2.

the burglary sentence be executed, the court resentenced defendant to imprisonment for one year and one day (less time served) on the burglary charge; and one year at the regional center (less time served) on the false name charge, consecutive to the burglary sentence. Appellant challenges the replacement sentence, contending it punished him for exercising his claimed right to request execution of his sentence. We find determinative the prior issue of whether appellant had a right to demand execution in light of Minn.Stat. § 609.135, subd. 7 (Supp.1989).

## ISSUE

Does section 609.135, subdivision 7, as amended in 1989, preclude appellant from choosing to execute his sentence?

## ANALYSIS

 Appellant contends that he had an "absolute" right to demand execution of his sentence under *State v. Randolph,* 316 N.W.2d 508 (Minn.1982) and that the court erred in its replacement sentence. In 1989, the legislature enacted Minn.Stat. § 609.135, subd. 7, which negates the right to demand execution of sentence if the offender will serve less than nine months at the state institution.

Execution of the sentence here called for a commitment of one year and one day to the state institution, less time served. The record indicates that appellant spent 112 days in custody before sentencing (July 7 to September 22). Upon execution, appellant would serve 254 days, or approximately eight months and one week, at the state institution. Therefore, appellant did not have the right under the 1989 statute to demand execution of his sentence.

Appellant contends that this statute applies only to cases in which the offense occurred after the effective date of August 1, 1989, which would render it inapplicable to his case. Generally, a statute which defines a criminal act or which increases the punishment for that act may not be applied to conduct which occurred before enactment. *See Starkweather v. Blair,* 245 Minn. 371, 387, 71 N.W.2d 869, 880

(1955) (quoting *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)). However, this principle does not govern procedural remedies after conviction and sentencing. *See State v. Larson,* 393 N.W.2d 238, 243 (Minn.Ct.App.1986) (law authorizing docketing of restitution orders as civil judgments applies to all sentencings after effective date). The issue of whether appellant may demand execution of his prior sentence is a procedural question. The statute applies to all sentencings which occurred after the statute became effective, including the sentencing in this case.

## DECISION

Minn.Stat. § 609.135, subd. 7 prevents appellant from choosing to execute his sentence. The sentence originally imposed by the trial court is reinstated. The remaining time which appellant will spend in the regional correction center should be reduced by the time already served in the state institution.

Affirmed as modified.