# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-1342
# A23-1547

State of Minnesota,
Respondent,

vs.

Ezra Atera Bogonko,
Appellant.

**Filed May 6, 2024**
**Affirmed**
**Smith, Tracy M., Judge**

Anoka County District Court
File No. 02-CR-21-2193

Hennepin County District Court
File No. 27-CR-21-17983

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Robert I. Yount, Assistant County Attorney, Anoka, Minnesota (for respondent) (A23-1342)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Adam Petras, Assistant County Attorney, Minneapolis, Minnesota (for respondent) (A23-1547)

Cathryn Middlebrook, Chief Appellate Public Defender, Rebecca Ireland, Assistant Public Defender (for appellant) (A23-1342 and A23-1547)

Considered and decided by Smith, Tracy M., Presiding Judge; Slieter, Judge; and

Jesson, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SYLLABUS**

1.      Error in granting a defendant's demand to execute sentence is invited error, which is subject to plain-error review.

2.      A district court may grant a defendant's demand to execute sentence even if the conditions of probation are less onerous than the conditions of the executed sentence.

**OPINION**

**SMITH, TRACY M.**, Judge

In these consolidated appeals from the orders of two different district courts revoking appellant's probation in separate criminal cases, appellant argues that the district courts erred by granting his demands to execute his imposed sentences because the conditions of probation were less onerous than his executed prison sentences. Because we conclude that a district court may grant a defendant's demand to execute sentence even if the conditions of probation are less onerous than those of the executed sentence, we affirm.

**FACTS**

In April 2021, respondent State of Minnesota charged appellant Ezra Atera Bogonko with first-degree driving while intoxicated (DWI) in Anoka County District Court (A23-1342). In September 2021, Bogonko was charged with DWI test refusal in Hennepin County District Court (A23-1547).

Bogonko pleaded guilty to the charge in the Hennepin case. The district court imposed a stayed 36-month prison sentence and placed Bogonko on probation for three years.

Bogonko then pleaded guilty to the charge in the Anoka case. The district court imposed a sentence of 42 months in prison, with a five-year conditional-release term, stayed for five years. This sentence was concurrent with his sentence in the Hennepin case.

In November 2022, a probation-violation report was filed in the Anoka case, alleging that Bogonko violated the probationary conditions that he successfully complete chemical-dependency treatment, abstain from mood-altering chemicals, and successfully complete a specified probation-supervision program for offenders with multiple DWI convictions. Bogonko admitted to the violations, and the district court found the violations to be intentional and inexcusable. The district court continued Bogonko on probation.

In May 2023, a second probation-violation report was filed in the Anoka case, alleging that Bogonko violated the probationary conditions that he abstain from mood-altering chemicals, abstain from alcohol, and maintain contact with probation as directed. At a probation-violation hearing, Bogonko's attorney stated that "[Bogonko was] prepared to admit the allegations and execute his sentence." The district court explained that, if Bogonko was demanding execution of his sentence, he would not have to admit to the probation violations. Following this explanation, Bogonko's attorney confirmed Bogonko's intent to move forward with his demand to execute his sentence.

The district court then explained the terms of Bogonko's executed sentence, including that he would be subject to conditional release for five years. Bogonko agreed that he still wanted to move forward with his demand to execute his sentence. The district court granted Bogonko's demand to execute his sentence by filing an amended sentencing

3

order executing Bogonko's 42-month sentence, followed by a five-year conditional-release term.

After the district court granted his demand to execute his sentence in the Anoka case, Bogonko submitted a written demand, signed by his attorney, to execute his sentence in the Hennepin case. The Hennepin County District Court granted Bogonko's demand to execute his sentence by filing an amended sentencing order executing Bogonko's 36-month sentence concurrent with the executed sentence in the Anoka case, followed by a five-year conditional-release term.

Bogonko appeals from the orders granting his demands to execute his sentence in both his Anoka and Hennepin cases.

## ISSUES

I.      What is the correct standard of review for an appellate court examining a district court's grant of a defendant's demand to execute sentence?

II.      Did Bogonko establish that the district courts committed reversible plain error by granting Bogonko's demands to execute his sentences because the conditions of his probation were less onerous than the conditions of his executed sentences?

## ANALYSIS

Bogonko argues that the district courts erred by granting his demands to execute his sentences because, he asserts, the terms of his probation were less onerous than those of his executed sentences.

**I.      We review Bogonko's claim for plain error.**

The first issue before us is the correct standard of review for an appellate court examining a district court's grant of a defendant's demand to execute sentence. Bogonko asserts that his claim of error is subject to de novo review because his challenge involves the interpretation of caselaw. *See In re Estate of Eckley*, 780 N.W.2d 407, 410 (Minn. App. 2010) (applying de novo review to interpretation of caselaw). The state argues that Bogonko's claim of error is invited error that must be reviewed for plain error. We agree with the state.

Under the invited-error doctrine, a party generally cannot assert an error on appeal that the party invited or that could have been prevented at the district court. *State v. Carridine*, 812 N.W.2d 130, 142 (Minn. 2012). But the invited-error doctrine does not apply if an error meets the plain-error test. *Id.* Because Bogonko demanded execution of his sentences and did not object to their execution before the district courts, the error he asserts is invited error. But we still must review Bogonko's claim for plain error. *See id.*

**II.     The district courts did not err by granting Bogonko's demands to execute his sentences.**

We next turn to Bogonko's argument that the district courts committed reversible error by granting his demands to execute his sentences because the conditions of his probation were less onerous than those of his executed prison sentences. Bogonko asserts that the conditions of probation were less onerous because his supervision on probation would end earlier than his conditional release for the executed sentences. The district courts

5

made no determination regarding the relative onerousness of Bogonko's probation conditions and his executed sentences.

To establish reversible error under the plain-error test, a defendant must show that (1) there was error, (2) the error was plain, and (3) the error affected the defendant's substantial rights. *Id.* "If any prong of the test is not met, the claim [of error] fails." *State v. Jackson*, 714 N.W.2d 681, 690 (Minn. 2006). Even when a defendant makes the required showing, "an appellate court may correct the error only when it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Pulczinski v. State*, 972 N.W.2d 347, 356 (Minn. 2022). Based on our review of the applicable law, we conclude that Bogonko has failed to demonstrate the first prong of the plain-error test—that there was error.

Bogonko relies on two cases, *State v. Randolph*, 316 N.W.2d 508 (Minn. 1982), and *State v. Rasinski*, 472 N.W.2d 645 (Minn. 1991), to support his argument that the district courts erred by granting his demands to execute his sentences. His reliance on *Randolph* and *Rasinski* is misguided.

In *Randolph*, the supreme court held that a court must grant a defendant's demand to execute sentence "if the conditions of probation make probation more onerous than prison and if it cannot be demonstrated that society's interests suffer by vacating the probation sentence." 316 N.W.2d at 510. Later, in *Rasinski*, the supreme court modified the test by clarifying that "the defendant has a right to demand execution of the presumptive sentence when the probationary sentence is more onerous even if society's interest appears . . . to be better served by the probationary sentence." 472 N.W.2d at 651.

6

Bogonko asserts that, according to those cases, a district court may grant a defendant's demand to execute sentence *only* when probation is more onerous than prison. But that is not the rule established by those cases. Both *Randolph* and *Rasinski* analyzed whether the district court erred by *denying* a defendant's demand to execute sentence. In that context, both cases stand only for the proposition that a district court *must* grant the defendant's demand if the conditions of probation are more onerous than prison. Bogonko argues the inverse—that a district court *may not* grant a defendant's demand to execute sentence if the conditions of probation are less onerous than prison. But that is a fundamentally different rule from the rule established by *Randolph* and *Rasinksi*.

Moreover, Bogonko's argument is not supported by the reasoning underlying the rule in *Randolph* and *Rasinski*. As the supreme court explained in *Randolph*, when a district court denies a defendant's demand to execute sentence, the underlying concern is that requiring a defendant to serve a probationary sentence that is more onerous than an executed presumptive sentence constitutes a de facto upward departure from the presumptive sentence under the Minnesota Sentencing Guidelines without the necessary finding of an aggravating factor. 316 N.W.2d at 510. The supreme court in *Rasinski* reaffirmed that concern, stating that denying execution when probation is more onerous than a prison sentence "constitutes a de facto departure from the spirit, if not the letter, of the Minnesota sentencing guidelines." 472 N.W.2d at 651. But that concern is not present here. Bogonko does not argue that his executed sentences are effectively upward departures that violate the spirit or the letter of the sentencing guidelines.

Bogonko cites no caselaw or rule, and we are aware of none, that prohibits a district court from granting a defendant's demand to execute sentence when the conditions of probation are less onerous than the conditions of the executed sentence. We therefore conclude that the district courts did not commit error by granting Bogonko's demands to execute his sentences, even if we assume that the conditions of his probation were less onerous than those of his executed prison sentences.

## DECISION

Because Bogonko demanded execution of his sentences and did not object to their execution before the district courts, his assertion of error is invited error, subject to plain-error review. Bogonko does not satisfy the first prong of the plain-error test because he fails to show that the district courts erred by granting his demands to execute his sentences, even assuming that the conditions of his probation were less onerous than those of his executed prison sentences.

**Affirmed.**