*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A22-1745**

State of Minnesota,
Respondent,

vs.

Ethan Joseph Metzer,
Appellant.

**Filed June 10, 2024
Affirmed
Larson, Judge**

Goodhue County District Court
File No. 25-CR-21-2736

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Stephen F. O'Keefe, Goodhue County Attorney, Erin L. Kuester, Assistant County Attorney, Red Wing, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Eva F. Wailes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ede, Presiding Judge; Reyes, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**LARSON**, Judge

Appellant Ethan Joseph Metzer appeals the postconviction court's decision to summarily deny his petition for postconviction relief. Metzer based his petition on the argument that he involuntarily requested that the district court execute his stayed sentence

because the district court imposed overly onerous and unconstitutional probationary conditions. We affirm.

**FACTS**

On December 30, 2021, respondent State of Minnesota charged Metzer with second- and fifth-degree criminal sexual conduct, alleging Metzer sexually assaulted a 13-year-old female. *See* Minn. Stat. §§ 609.343, subd. 1a(e), .3451, subd. 1a(1) (Supp. 2021). On January 5, 2022, Metzer posted $5,000 conditional bail. One bail condition prohibited Metzer from having unsupervised contact with females under 18 years old. By April 1, 2022, Metzer had been arrested twice for violating that condition. The arrests were based on allegations that Metzer dated and planned to run away with one minor female, had unsupervised contact with a second minor female via social media, and had unsupervised contact with a third minor female in person and via social media.

Following Metzer's second arrest, the district court increased conditional bail to $75,000 and imposed additional release conditions, including a condition that prohibited Metzer from using the internet or social-media platforms. Metzer posted the additional bail and was released. On August 1, 2022, the state applied for a third arrest warrant based on allegations that Metzer had violated the no internet or social-media condition. The state alleged that Metzer used one social-media platform to post items for sale in June 2022, and created an account on a second social-media platform the day after his release and began posting videos to that account five days after his release.

Metzer appeared before the district court on August 3, 2022, and entered a guilty plea to second-degree criminal sexual conduct.[1]  Metzer's counsel and the prosecutor questioned Metzer and he confirmed that he understood the legal consequences of his plea and that he had no agreement with the state regarding sentencing.  The district court ordered the preparation of a presentence investigation report (PSI).

Prior to Metzer's sentencing hearing, a psychologist completed a psychosexual evaluation and a corrections agent prepared a PSI.  The psychosexual evaluation stated that "[t]his is a situation in which it appears it is not 'if' but rather 'when' [Metzer] will reoffend."  The PSI also noted several concerns, including that Metzer failed to complete residential sex-offender treatment, routinely violated his release condition prohibiting unsupervised contact with females under 18 years old, used the internet and social-media platforms to contact minor females, and had a high risk of reoffending.  The PSI recommended that the district court impose the guidelines sentence:  a stayed 36-month prison term with 25 years of probation.[2]  The PSI also recommended that Metzer serve 365 days in jail and follow several probationary conditions, including:  (1) completion of a residential sex-offender treatment program; (2) no unauthorized contact with minors

---

[1] Because Metzer pleaded guilty to the second-degree criminal-sexual-conduct charge, the state dismissed the fifth-degree criminal-sexual-conduct charge.

[2] The PSI alternatively recommended that the district court execute Metzer's sentence based on "the amount of aggravating factors and minimal mitigating factors."  During the sentencing hearing, however, the state explained that executing Metzer's sentence would be a departure from the guidelines because the state "did not see the existence of aggravating factors that were not already part of the offenses charged.  The existing case law does not allow the State . . . to use factors such as the young child's age when it's already considered as part of the offense."  The state therefore suggested that the district court reject the recommendation to execute Metzer's sentence as contrary to law.

without approval; (3) no use or possession of internet-capable devices without approval; and (4) no use or access to dating websites, chatrooms, or social-media platforms.

The district court held a sentencing hearing on September 23, 2022. At the sentencing hearing, the state argued that "Metzer presents a continuous, serious, sustained threat to public safety while he's been in the community," and, "while the law treats Mr. Metzer as a first-time sex offender, this is only his first time committing a sex offense as an adult. He is not a first-time offender . . . ." The state asked the district court to impose the guidelines sentence.

The district court agreed with the state. In doing so, the district court expressed frustration that it could not sentence Metzer to prison time even though Metzer's criminal record showed he had assaulted nine known victims. The district court explained that, despite Metzer's extensive criminal history, Metzer had no criminal-history points because this was the first offense he had committed as an adult. Consequently, the district court "[b]egrudgingly" sentenced Metzer to 36 months in prison and ten years of conditional release, stayed, with 25 years of probation, including 365 days in jail and all of the probationary conditions listed in the PSI.

On November 2, 2022, Metzer sent a handwritten letter to the district court requesting that it execute his sentence and appoint an attorney to represent him. The district court re-appointed counsel for Metzer and held a hearing regarding his request on November 9, 2022. At the hearing, the district court examined Metzer to ensure he was aware of the full impact of his decision to execute his sentence, and that he was doing so knowingly, voluntarily, and intelligently. The district court also informed Metzer he could

4

have more time to research his options and repeatedly asked Metzer whether he wanted to proceed with the execution of his sentence. Each time, Metzer indicated that he wished to proceed. The district court then executed Metzer's sentence.

Metzer filed a notice of appeal and subsequently moved "to stay his appeal and remand jurisdiction to the district court for post-conviction proceedings." We granted Metzer's motion. Metzer then filed a petition for postconviction relief, arguing that the district court imposed overly onerous and unconstitutional probationary conditions when it restricted his internet and social-media use. Therefore, Metzer contended, his request to execute his sentence was not voluntarily made, and the postconviction court should allow him to withdraw his request and resentence him. On September 1, 2023, the postconviction court summarily denied Metzer's petition without holding an evidentiary hearing.

Following the postconviction court's denial of his petition, Metzer moved this court to dissolve the stay and reinstate his appeal. We did so, and now consider Metzer's argument that the postconviction court abused its discretion when it summarily denied his postconviction petition.

## DECISION

Metzer argues that the postconviction court abused its discretion when it summarily denied his postconviction petition without an evidentiary hearing. "We review the summary denial of a petition for postconviction relief for an abuse of discretion." *El-Shabazz v. State*, 984 N.W.2d 569, 573 (Minn. 2023). "A district court abuses its discretion when it has 'exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings.'"

5

*Id.* (quoting *Pearson v. State*, 891 N.W.2d 590, 596 (Minn. 2017)).  "We review the district court's legal conclusions de novo and its factual findings for clear error."  *Id.*

A postconviction court must hold an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief."  Minn. Stat. § 590.04, subd. 1 (2022).  When a petitioner alleges facts that, if proven, would entitle him to relief, then an evidentiary hearing is required.  *Wilson v. State*, 726 N.W.2d 103, 107 (Minn. 2007).  When deciding whether to hold an evidentiary hearing, a postconviction court must consider "the facts alleged in the petition as true and construe[] them in the light most favorable to the petitioner."  *Andersen v. State*, 913 N.W.2d 417, 422–23 (Minn. 2018) (quotation omitted).  "Any doubts about whether to conduct an evidentiary hearing should be resolved in favor of the defendant seeking relief."  *State v. Nicks*, 831 N.W.2d 493, 504 (Minn. 2013).

Here, Metzer based his postconviction petition on the argument that the district court imposed overly onerous and unconstitutional probationary conditions.  Specifically, Metzer challenges the conditions that prohibit him from using (1) any social media and (2) the internet or internet-capable devices without approval.  Metzer asserts that he only requested an executed sentence because of these allegedly "unauthorized terms of probation."  Therefore, according to Metzer, his request to execute his sentence was involuntary, and he should be allowed to withdraw the request.  Accordingly, Metzer's postconviction petition hinges on his argument that these probationary conditions were overly onerous or unconstitutional, which we address in turn below.

6

## I.

Metzer argues the postconviction court abused its discretion when it determined that the conditions barring him from using any social media and the internet or internet-capable devices without approval were not overly onerous. We are not persuaded.

District courts have broad discretion in sentencing, including the probationary conditions imposed. *See State v. Friberg*, 435 N.W.2d 509, 515-16 (Minn. 1989); *State v. Franklin*, 604 N.W.2d 79, 82 (Minn. 2000). But the district court's discretion is not unfettered. "Generally, conditions of probation must be reasonably related to the purposes of sentencing and must not be unduly restrictive of the probationer's liberty or autonomy." *Friberg*, 435 N.W.2d at 515. Further, when fundamental rights are restricted, "[t]he discretion of the [district] court in establishing conditions of probation is reviewed carefully." *Id.* at 516. The Minnesota Sentencing Guidelines "urge[] courts to utilize the least restrictive conditions of stayed sentences that are consistent with the objectives of the sanction." Minn. Sent'g Guidelines 3.A.3 (Supp. 2021).

Metzer first relies on *Franklin* to support his argument that the district court imposed overly onerous probationary conditions. *See* 604 N.W.2d at 82-84. But *Franklin* is distinguishable. There, the supreme court determined that a probationary condition barring appellant from entering the City of Minneapolis was invalid because of the "potential infringement on [appellant's] fundamental rights and the paucity of support for that infringement in the record." *Id.* at 84. In the present case, by contrast, the record amply supports the district court's decision to impose conditions barring Metzer from using social media and limiting Metzer's internet use. The record shows that, while released on

7

conditional bail, Metzer repeatedly violated the less-restrictive conditions the district court imposed to protect minor females. And in at least two instances, despite a restriction on having unsupervised contact with females under 18 years old, Metzer used social media and the internet to contact minor females. Thus, by the time the district court sentenced Metzer, he had already demonstrated that narrower restrictions on his liberty had been ineffective.

Second, Metzer argues that the district court erred when it imposed these probationary conditions because they departed "from the spirit of the Sentencing Guidelines." To support his argument, Metzer cites *State v. Randolph*, 316 N.W.2d 508 (Minn. 1982), and *State v. Rasinski*, 472 N.W.2d 645 (Minn. 1991). But Metzer misconstrues both cases. It is true that in both cases the supreme court concluded the district court imposed probationary conditions that were more onerous than an executed prison sentence. *See Randolph*, 316 N.W.2d at 510-11; *Rasinski*, 472 N.W.2d at 651. But in both cases, the supreme court concluded that a district court's departure from the "spirit" of the guidelines was not, itself, reversible error. *See Randolph*, 316 N.W.2d at 510; *Rasinski*, 472 N.W.2d at 651. Instead, when the district court imposed onerous probationary conditions, the remedy available to the defendant was to request that the district court execute their sentence if the district court elected not to modify the

conditions.[3] *See Randolph*, 316 N.W.2d at 510-11; *Rasinksi*, 472 N.W.2d at 651. Here, Metzer already received that remedy—the district court executed his sentence.

We conclude the district court did not impose overly onerous probationary conditions, and, consequently, Metzer's request that the district court execute his sentence was not rendered involuntary on that basis. Therefore, the postconviction court did not abuse its discretion when it summarily denied Metzer's postconviction petition on this ground.

## II.

Metzer argues the postconviction court abused its discretion when it determined the conditions barring him from using any social media and the internet or internet-capable devices without approval were constitutional. To make this argument, Metzer relies primarily on *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017).[4] We are not persuaded.

---

[3] This is the appropriate remedy even when, as here, the guidelines call for staying execution of the sentence. *Randolph*, 316 N.W.2d at 509 (noting that Randolph's guidelines sentence was "14 months with execution of the sentence stayed").

[4] Metzer also relied on *State v. Kaquatosh*, 600 N.W.2d 153 (Minn. App. 1999), and *State v. Cournoyer*, No. A18-0434, 2019 WL 114198 (Minn. App. Jan. 7, 2019), to argue he involuntarily requested execution of his sentence because the probationary terms were unconstitutional. In *Kaquatosh*, we determined that the district court abused its discretion when it revoked appellant's probation for failing to complete sex-offender treatment. 600 N.W.2d at 157-58. Of particular importance to our analysis, the treatment program required appellant to admit to the facts underlying his conviction, even though his appeal of the conviction was still pending. *Id.* at 154-56. Thus, the conditions of appellant's probation directly violated his Fifth Amendment right against self-incrimination. *Id.* at 158. Similarly, in *Cournoyer*, we determined the district court abused its discretion when it imposed a probationary condition that would allow law enforcement, in addition to the appellant's probation officer, to randomly drug test appellant in violation of appellant's Fourth Amendment right against unreasonable searches. 2019 WL 114198, at *3-4. In

In *Packingham*, the U.S. Supreme Court considered the constitutionality of a North Carolina law that made it a felony for registered sex offenders "to access a commercial social networking Web site where the sex offender [knew] that the site permit[ted] minor children to become members or to create or maintain personal Web pages." *Id.* at 1733 (quoting N.C. Gen. Stat. Ann. § 14-202.5(a), (e) (2015)). The Supreme Court determined that the North Carolina statute was unconstitutional because it was not narrowly tailored to serve a significant governmental interest. *Id.* at 1736-37. Rather, by prohibiting registered sex offenders from using social-media platforms, "North Carolina with one broad stroke bar[red] access to what for many [were] the principal sources for knowing current events, checking ads for employment, speaking and listening in the modern public square, and otherwise exploring the vast realms of human thought and knowledge." *Id.* at 1737.

*Packingham* is distinguishable from the present case. *Packingham* dealt with a statute of general applicability, and not a probationary condition applicable to a single offender. Further, the Supreme Court observed "the troubling fact that the [North Carolina] law impose[d] severe restrictions on persons who already have served their sentence and [were] no longer subject to the supervision of the criminal justice system." *Id.* And the Court found it "unsettling to suggest that only a limited set of websites [could] be used even by persons who ha[d] completed their sentences." *Id.* But that is not the case here. Metzer's probationary conditions limiting his access to internet-capable devices and

---

both *Kaquatosh* and *Cournoyer*, the district court imposed probationary conditions that directly contravened one of appellant's constitutional rights. Here, while the probationary conditions implicate Metzer's First Amendment right to free speech, as explained further below, we do not agree that the probationary conditions were unconstitutional.

prohibiting his social-media use would only persist as long as he remained on probation. That is to say, he would not be bound by these conditions when he was "no longer subject to the supervision of the criminal justice system," or "ha[d] completed [his] sentence[]." *See id.*

We are cognizant that the probationary conditions the district court imposed restrict Metzer's access to "the modern public square," and therefore implicate his First Amendment right to free speech. *See id.* But while probationers "do not entirely give up their constitutional rights, the rights of probationers are properly 'subject to limitations from which ordinary persons are free.'" *Friberg*, 435 N.W.2d at 516 (quoting *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265 (9th Cir. 1975)). Moreover, the probationary conditions the district court imposed were "reasonably related to the purposes of sentencing," and we conclude they are not "*unduly* restrictive of [Metzer's] liberty or autonomy" when weighed against the risk to public safety that Metzer poses. *See id.* at 515 (emphasis added). This is particularly true given Metzer's demonstrated inability to refrain from contacting minor females with less-restrictive conditions.

We conclude the district court did not impose unconstitutional probationary conditions. As a result, Metzer's request that the district court execute his sentence was not rendered involuntarily on that basis. Therefore, the postconviction court did not abuse its discretion when it summarily denied Metzer's postconviction petition on this ground.

**Affirmed.**

11